## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

OPERATING ENGINEERS CONSTRUCTION INDUSTRY AND MISCELLANEOUS PENSION FUND (LOCAL 66)

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|---|---|---|---|

*See* attached Schedule A.

5. During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below:

*In re NeoPharm, Inc. Sec. Litig.*, No. 02-C-2976 (N.D. Ill.)
*Thomas v. HealthTronics Surgical Services, Inc., et al.*, No. 03-CV-2800(CC) (N.D. Ga.)
*Operating Engineers Const. Ind. v. IMPAC Medical Sys, Inc., et al.*, No. C-04-3773-VRW (N.D. Cal.)
*Fener v. Belo Corp., et al.*, No. 3:04-CV-1836-D (N.D. Tex.)

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December, 2004.

                      OPERATING ENGINEERS
                      CONSTRUCTION INDUSTRY AND
                      MISCELLANEOUS PENSION FUND
                      (LOCAL 66)

                      By: _____

                      Its: Administrator

## SCHEDULE A

## SECURITIES TRANSACTIONS

**Acquisitions**

| Date Acquired | Type/Amount of Securities Acquired | Price |
| --- | --- | --- |
| 06/02/2000 | 25,000 | $26.23 |
| 08/09/2000 | 1,300 | $42.73 |
| 03/01/2002 | 200 | $16.62 |
| 03/04/2002 | 400 | $18.54 |
| 03/05/2002 | 1,100 | $19.85 |
| 03/08/2002 | 700 | $21.98 |
| 03/14/2002 | 400 | $20.86 |
| 03/15/2002 | 400 | $19.92 |
| 03/18/2002 | 400 | $20.11 |
| 03/19/2002 | 200 | $19.98 |
| 03/19/2002 | 300 | $20.34 |
| 03/21/2002 | 2,200 | $21.37 |
| 03/22/2002 | 1,300 | $22.82 |
| 03/22/2002 | 1,700 | $23.06 |
| 03/25/2002 | 1,500 | $23.07 |
| 03/25/2002 | 1,000 | $23.14 |
| 03/26/2002 | 2,000 | $22.66 |
| 03/27/2002 | 700 | $22.97 |
| 03/28/2002 | 400 | $23.00 |
| 03/28/2002 | 200 | $23.00 |
| 04/01/2002 | 1,300 | $22.59 |
| 04/04/2002 | 400 | $20.40 |
| 04/05/2002 | 300 | $17.00 |
| 04/09/2002 | 500 | $18.37 |
| 04/10/2002 | 500 | $18.06 |
| 04/25/2002 | 200 | $15.18 |
| 04/26/2002 | 700 | $14.82 |
| 04/29/2002 | 100 | $13.43 |
| 05/07/2002 | 900 | $11.52 |
| 05/09/2002 | 700 | $12.34 |
| 05/10/2002 | 1,400 | $11.89 |
| 05/10/2002 | 300 | $12.50 |
| 05/13/2002 | 500 | $10.54 |
| 05/14/2002 | 600 | $11.67 |
| 05/15/2002 | 100 | $11.80 |
| 05/16/2002 | 400 | $11.69 |
| 05/17/2002 | 100 | $11.90 |
| 05/20/2002 | 300 | $11.64 |
| 05/21/2002 | 200 | $11.39 |
| 09/04/2002 | 300 | $3.88 |
| 07/07/2004 | 2,700 | $6.55 |
| 07/08/2004 | 1,300 | $6.32 |
| 07/09/2004 | 2,000 | $6.62 |

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 07/12/2004 | 1,900 | $6.49 |
| 07/13/2004 | 2,800 | $6.48 |
| 07/14/2004 | 1,700 | $6.65 |
| 07/20/2004 | 1,600 | $5.78 |

**Sales**

| Date Sold | Type/Amount of Securities Sold | Price |
|---|---|---|
| 04/05/2002 | 11,400 | $17.05 |
| 04/08/2002 | 700 | $17.00 |
| 04/08/2002 | 200 | $17.75 |
| 10/08/2002 | 600 | $1.26 |
| 10/14/2002 | 100 | $1.05 |
| 10/15/2002 | 1,400 | $1.25 |
| 10/21/2002 | 500 | $1.44 |
| 10/22/2002 | 700 | $1.28 |
| 10/25/2002 | 600 | $1.50 |
| 10/28/2002 | 400 | $1.64 |
| 11/11/2002 | 400 | $1.90 |
| 11/12/2002 | 500 | $1.87 |
| 11/13/2002 | 300 | $1.86 |
| 11/14/2002 | 400 | $1.93 |
| 11/15/2002 | 700 | $2.11 |
| 11/18/2002 | 400 | $2.31 |
| 11/19/2002 | 100 | $2.30 |
| 11/20/2002 | 1,100 | $2.20 |
| 11/20/2002 | 400 | $2.40 |
| 11/21/2002 | 400 | $2.60 |
| 11/22/2002 | 300 | $2.51 |
| 11/25/2002 | 700 | $2.73 |
| 11/26/2002 | 800 | $2.81 |
| 11/26/2002 | 200 | $2.88 |
| 11/27/2002 | 1,400 | $3.27 |
| 11/29/2002 | 200 | $3.49 |
| 07/28/2004 | 14,000 | $5.50 |

CERTIFICATION OF NAMED PLAINTIFF
<u>PURSUANT TO FEDERAL SECURITIES LAWS</u>

CITY OF ROSEVILLE EMPLOYEES RETIREMENT SYSTEM ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| <u>Security</u> | <u>Transaction</u> | <u>Date</u> | <u>Price Per Share</u> |
|---|---|---|---|

*See* attached Schedule A.

5. (a) During the three years prior to the date of this Certificate, Plaintiff has served as a representative party for a class in the following actions filed under the federal securities laws:

*Smith v. Interstate Bakeries Corp., et al.*, No. 03CV142 (W.D. Mo.)
*Higginbotham v. Baxter International Inc., et al.*, No. 04-4909 (N.D. Ill.)

(b) Plaintiff is seeking to serve as a representative party for a class in the following actions filed under the federal securities laws:

*Hill v. Tommy Hilfiger Corporation, et al.*, No. 04-CV-07678-RO (S.D.N.Y.)

(c) Plaintiff initially sought to serve as a representative party for a class in the following actions filed under the federal securities laws, but either withdrew its application or its application was denied in favor of other investors with more significant losses:

*Turbowitz v. El Paso Corp., et al.*, No. CV-04-0870 (S.D. Tex.)
*In re Motorola Sec. Litig.*, No. 03-C-287 (N.D. Ill.)
*Rosen v. The BISYS Group, Inc., et al.*, No. 04-CV-3480-LTS (S.D.N.Y.)
*Wollrab v. Siebel Systems, Inc., et al.*, No. 04-CV-0983-CRB (N.D. Cal.)

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5TH day of JANUARY, 2005.

CITY OF ROSEVILLE EMPLOYEES
RETIREMENT SYSTEM

By: Michael Moon

Its: GENERAL COUNSEL

## SCHEDULE A

## SECURITIES TRANSACTIONS

**Acquisitions**

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 03/01/2002 | 8,000 | $16.66 |
| 03/04/2002 | 14,850 | $18.30 |
| 04/26/2002 | 13,750 | $15.11 |

**Sales**

| Date Sold | Type/Amount of Securities Sold | Price |
|---|---|---|
| 07/03/2002 | 12,850 | $3.93 |
| 07/05/2002 | 23,750 | $3.86 |