UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re ASPEN TECHNOLOGY, INC.        :      Civil Action
SECURITIES LITIGATION               :      No. 04-12375-JLT
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND AGREEMENT OF**
**COMPROMISE, SETTLEMENT AND RELEASE OF SECURITIES ACTION**

Lead Plaintiffs City of Roseville Employees' Retirement System and

Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66)

("Lead Plaintiffs"), and each of Defendants in this action, Aspen Technology, Inc.

("AspenTech"), Lawrence B. Evans, Charles F. Kane, David L. McQuillin and Lisa

Zappala, by the undersigned counsel, enter into this Stipulation and Agreement of

Compromise, Settlement and Release of Securities Action (the "Securities Stipulation"),

subject to the approval of the United States District Court for the District of

Massachusetts (the "Court"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS:

A.      Beginning on November 9, 2004, putative class action complaints

were filed in the Court alleging violations of the federal securities laws and asserting

claims against AspenTech and certain of its officers and directors.  The actions were

styled Fener v. Aspen Technology, Inc., et al., No. 1:04-12375 (filed Nov. 9, 2004), and

Stockmaster v. Aspen Technology, Inc., et al., No. 1:04-12387 (filed Nov. 10, 2004).  By

Order entered February 6, 2005, these actions were consolidated and thereafter proceeded

under the caption above; and City of Roseville Employees' Retirement System and

Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66) were appointed as Lead Plaintiffs and Lerach Coughlin Stoia Geller Rudman & Robbins LLP were appointed as Lead Plaintiffs' Lead Counsel. The consolidated proceedings are referred to herein as the "Securities Action."

      B.      On August 26, 2005, Lead Plaintiffs filed the Consolidated Amended Complaint (the "Complaint") in the Securities Action. In addition to AspenTech, the Complaint named as Defendants Lawrence B. Evans (Chief Executive Officer and Chairman of the Board of AspenTech during certain parts of the Class Period), Charles F. Kane (Chief Financial Officer of AspenTech during certain parts of the Class Period), David L. McQuillin (Chief Executive Officer of AspenTech during certain parts of the Class Period) and Lisa Zappala (Chief Financial Officer of AspenTech during certain parts of the Class Period) (collectively, the "Individual Defendants");

      C.      The Complaint alleges that Defendants made materially false and/or misleading statements and omissions regarding AspenTech's financial condition for fiscal years 2000 through 2004. The Complaint alleges that Lead Plaintiffs and other members of the purported Class (as defined below) purchased the common stock of AspenTech at prices that were artificially inflated due to Defendants' alleged materially false and/or misleading statements. The Complaint asserts claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder and against the Individual Defendants under Section 20(a) of the Exchange Act;

D.    Counsel have engaged in discussions and arm's-length negotiations, including mediation with an independent mediator, with respect to a compromise and settlement of the Securities Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class;

E.    Based upon their investigation, Lead Plaintiffs and Lead Plaintiffs' Lead Counsel (as defined below) have concluded that the terms and conditions of this Securities Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Securities Action pursuant to the terms and provisions of this Securities Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the members of the Class will receive from settlement of the Securities Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided under the terms of this Securities Stipulation.  This Securities Stipulation shall not be construed or deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Securities Action; and

F.    Defendants deny any wrongdoing, fault, liability or damage to Lead Plaintiffs and/or any members of the Class, deny that they engaged in any wrongdoing, deny that they committed any violation of law or breach of duty, deny that they acted improperly in any way, believe that they acted properly at all times and assert that the Securities Action has no merit.  In light, however, of the uncertainty and the risk inherent in any litigation, especially complex securities litigation, and the difficulties, substantial expense and other burden necessary to defend this Securities Action through

trial, post-trial motions, and appeals, Defendants have decided to enter into this Securities

Stipulation in order to settle the Securities Action on the terms and conditions provided

and to put the Released Claims (as defined below) to rest finally and forever, without in

any way acknowledging any wrongdoing, fault, liability or damage to Lead Plaintiffs or

the Class.  Nothing in this Securities Stipulation or in any of its exhibits shall in any event

be construed as, or deemed to be, evidence of an admission or concession on the part of

any Defendant with respect to any claim or defense, or of any fault, wrongdoing, liability

or damage whatsoever, or of any infirmity in the defenses that Defendants have or could

have asserted.

NOW THEREFORE, without any admission or concession on the part of

Lead Plaintiffs of any lack of merit of the Securities Action whatsoever, and without any

admission or concession of any liability or wrongdoing or the lack of merit in any

defense whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and

among the parties to this Securities Stipulation, through counsel, subject to approval of

the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration

of the benefits flowing to the parties hereto from the Settlement, that all Released Claims

against all Released Parties, as well as all Defendants' Claims (as defined below), shall

be compromised, settled, released and dismissed with prejudice, upon and subject to the

following terms and conditions:

A.    DEFINITIONS

1.    As used in this Securities Stipulation, in addition to the terms defined

elsewhere, the following terms shall have the meanings described:

(a)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(b)    "Claims Administrator" means Gilardi & Co. LLC.

(c)    "Class" means all persons or entities who purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive. Excluded from the Class are (1) Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest; and (2) any person or entity who files a timely and valid request for exclusion from the Class.

(d)    "Class Member" means a member of the Class.

(e)    "Class Period" means the period of time between and including October 29, 1999 and March 15, 2005.

(f)    "Defendants" means AspenTech, Lawrence B. Evans, Charles F. Kane, David L. McQuillin and Lisa Zappala.

(g)    "Defendants' Claims" means all claims, whether known or unknown (including Unknown Claims (as defined below)), and whether arising under federal, state, or any other law, which have been, or could have been, asserted in the Securities Action or in any court or forum, by Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, including but not limited to Lead Plaintiffs, Class Members, or their attorneys, which arise out of or relate

in any way to the institution, prosecution or settlement of the Securities Action (except for claims to enforce the Securities Stipulation or the Settlement).

(h)    "Defendants' Counsel" means the law firm of Skadden, Arps, Slate, Meagher & Flom LLP.

(i)    "Effective Date" means the date upon which the Settlement contemplated by this Securities Stipulation shall become effective, as set forth in Section F of this Securities Stipulation.

(j)    "Escrow Account" means the escrow account specified in paragraph 4 having the Escrow Agent specified in paragraph 5 of this Securities Stipulation.

(k)    "Final" means, as to the judgment or any order, that the time has expired to file an appeal, motion for reargument or petition for writ of certiorari with respect to such judgment or order with no timely appeal, motion for reargument or petition for writ of certiorari having been made.  Any motion for reargument, appeal or petition for writ of certiorari that pertains exclusively to the Plan of Allocation or the award or denial of attorneys' fees, costs or expenses, shall not in any way delay or preclude the Order and Final Judgment (as defined below) from becoming Final.

(l)    "Final Order" means an order that has become Final.

(m)    "Lead Plaintiffs' Lead Counsel" means the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

(n)    "Net Settlement Fund" has the meaning set forth in paragraph 5 hereof.

(o)    "Order and Final Judgment" means an order and final judgment in the Securities Action substantially in the form attached hereto as Exhibit B.

(p)    "Plaintiffs' Counsel" means Lead Plaintiffs' Lead Counsel and all other counsel representing Class Members in the Securities Action.

(q)    "Plan of Allocation" means that plan or formula of allocation of the Net Settlement Fund described in the Settlement Notice, which plan or formula shall govern the distribution of the Settlement Fund, after payment of expenses of notice and administration of the Settlement, any taxes, penalties, interest, or tax preparation fees owed by the Settlement Fund, and such attorneys' fees, costs and expenses as may be awarded by the Court.  It is understood and agreed by the parties hereto that, notwithstanding any other provision of this Securities Stipulation, any proposed Plan of Allocation that is part of the Settlement Notice is not a part of this Securities Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Securities Stipulation or affect the finality of the Order and Final Judgment or any other orders entered by the Court pursuant to this Securities Stipulation.

(r)    "Preliminary Approval Order" means an Order Preliminarily Approving Settlement, Providing for Notice and Scheduling Settlement Hearing, substantially in the form attached hereto as Exhibit A.

(s)    "Proof of Claim" means a proof of claim substantially in the form attached as Attachment 2 to Exhibit A.

(t)    "Released Claims" means all direct, indirect, individual, representative or class claims, rights or causes of action or liabilities whatsoever, whether

known or unknown (including Unknown Claims (as defined below)), and whether arising

under federal, state, local, statutory, common or any other law, rule, or regulation, against

any of the Released Parties, which have been, or could have been, asserted in the

Securities Action or in any court or forum by the Class Members or any of them

individually (or any of their heirs, executors, successors or assigns, in their capacities as

such, or any person or entity whom the Class Member represents as the purchaser of

AspenTech common stock), based upon, relating to or arising from the acts, facts, matters

or occurrences, errors, representations or omissions, transactions and circumstances that

were alleged in the Complaint and which relate to or arise in any way, directly or

indirectly, from any transactions relating to AspenTech common stock during the Class

Period.

(u)    "Released Parties" means any of the Defendants,

collectively or individually, and any of the families, heirs, executors, trustees,

representatives, estates or administrators, agents, attorneys, counselors, insurers, financial

or investment advisors of any of the Individual Defendants; and the affiliates, partners,

subsidiaries, predecessors, successors or assigns, past or present officers, directors,

associates, controlling persons, representatives, employees, attorneys, counselors,

insurers, financial or investment advisors, dealer managers, consultants, accountants,

investment bankers, commercial bankers, engineers, advisors or agents of AspenTech.

(v)    "Settlement" means the settlement contemplated by this

Securities Stipulation.

(w)    "Securities Settlement Amount" means the amount specified in paragraph 4 hereof.

(x)    "Settlement Fund" has the meaning set forth in paragraph 4 hereof.

(y)    "Settlement Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing, substantially in the form attached hereto as Attachment 1 to Exhibit A.

(z)    "Summary Notice" means the Summary Notice Of Proposed Settlement Of Class Action And Settlement Hearing, substantially in the form attached hereto as Attachment 3 to Exhibit A.

(aa)    "Unknown Claims" means any and all Released Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which (in either case) if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Defendants' Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment in the Securities Action shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if known
> by him or her must have materially affected his or her
> settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law

shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the

definition of Released Claims and Defendants' Claims was separately bargained for and

was a key and necessary element of the Settlement.

B.    THE SETTLEMENT

2.    The obligations incurred pursuant to this Securities Stipulation

shall be in full and final disposition and settlement of any and all of the Released Claims

and Defendants' Claims.

3.    (a)    Upon the Effective Date, Lead Plaintiffs and every Class

Member on behalf of themselves, their heirs, executors, administrators, successors and

assigns, shall, with respect to each and every Released Claim, be deemed to fully, finally

and forever release, relinquish and forever discharge each and every Released Claim

(including Unknown Claims) against any and all of the Released Parties whether or not

such Class Member executes and delivers the Proof of Claim, and forever shall be

enjoined from prosecuting any such Released Claim.  In addition, the Order and Final

Judgment shall provide that Lead Plaintiffs and every Class Member shall, upon the

Effective Date, be deemed to have covenanted not to sue any of the Released Parties in

any individual, class or other representative capacity with respect to any Released Claim.

(b)    Upon the Effective Date, each of Defendants, on behalf of themselves, their successors and assigns, and, to the extent possible, on behalf of the Released Parties, shall be deemed to fully, finally and forever release, relinquish and forever discharge each and every Defendants' Claim (including Unknown Claims), and forever shall be enjoined from prosecuting any such claim.

4.    (a)    No later than ten (10) business days after the Preliminary Approval Order, or December 15, 2005, whichever is later, and subject to the other provisions of this Securities Stipulation, AspenTech and/or its insurers will pay, in the aggregate, $5,600,000 (five million, six hundred thousand dollars) in cash (the "Securities Settlement Amount") into an interest-bearing escrow account (identified as such) at Torrey Pines Bank and such other interest-bearing escrow accounts (identified as such) as shall be established at qualified financial institutions by the Escrow Agent with the written consent of Defendants' Counsel (collectively, the "Escrow Account"). The Securities Settlement Amount, together with any income or interest earned on all such amounts after they have been deposited into the Escrow Account, shall be the "Settlement Fund."

(b)    If for any reason the Settlement does not become Final, or is terminated pursuant to the provisions of this Securities Stipulation, the Settlement Fund shall be returned in accordance with paragraph 21 of this Securities Stipulation.

(c)    The funds held in the Escrow Account shall be held in custodia legis and shall remain subject to the jurisdiction of the Court until such time as

such funds shall be distributed as set forth in this Securities Stipulation (or returned in the event of termination or the failure of the Settlement to become effective).

(d)    The payment by AspenTech and/or its insurers of the Settlement Amount into the Escrow Account shall be the sole and exclusive obligation of Defendants and each of them to make any payment in connection with the Settlement of the Securities Action (excluding their own legal fees and expenses).  Other than the payment of the Securities Settlement Amount into the Escrow Account as provided above, Defendants and the other Released Parties shall have no responsibility for maintaining, preserving or investing the Securities Settlement Amount or the Settlement Fund, for administering the Plan of Allocation, for the establishment or maintenance of the Escrow Account, for the reporting or payment of taxes due on the interest earned on or by the Settlement Fund, or for the distribution of the Settlement Fund or the administration thereof.

5.    (a)    Lead Plaintiffs' Lead Counsel shall serve as escrow agents of the Escrow Account (the "Escrow Agent").  The Escrow Agent shall cause the amounts deposited into the Escrow Account to be invested in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon, except that the Escrow Agent may withhold from investment in such instruments such amounts as may be needed to pay for the reasonable and necessary expenses of giving notice of the Settlement to Class Members and other reasonable and necessary expenses incurred in connection with the administration of the Settlement.

(b)     Funds may be disbursed from the Escrow Account to the Claims Administrator in payment of reasonable and necessary costs of administration of the Settlement (including printing and mailing costs), estimated taxes due on the income of the Settlement Fund, if any, and other reasonable and necessary costs or expenses incurred in carrying out the terms and conditions of this Securities Stipulation or arising from the administration, management or distribution of the Escrow Account or the Settlement Fund.  Defendants and the other Released Parties shall have no liability or responsibility for any such costs.

(c)     All (i) taxes on the income of the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement and may be timely paid by the Escrow Agent without prior Order of the Court.

(d)     The remainder of the Settlement Fund, after deduction of the amounts set forth above in paragraphs (a)-(c), and the payment of attorneys' fees and reimbursement expenses as provided under paragraph 9 below, shall constitute the "Net Settlement Fund."

(e)     The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Lead Plaintiffs' Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible

13

for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.  The parties hereto agree that the Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest date possible.  Defendants' Counsel agrees to provide promptly to the Escrow Agent the statement described in Treasury Regulation §1.468B-3(e).

C.    <u>PRELIMINARY COURT APPROVAL</u>

       6.    As soon as practicable following execution of this Securities Stipulation, Lead Plaintiffs' Lead Counsel shall apply to the Court for entry of a Preliminary Approval Order, substantially in the form attached as Exhibit A:

       (a)    preliminarily approving the Settlement;

       (b)    setting the date and time for a settlement hearing (the "Settlement Hearing") at which the Court will:  (1) determine whether the proposed Settlement is fair, reasonable and adequate and should be approved, and whether the Order and Final Judgment should be entered; (2) confirm that the requirements for certification of the Class under Federal Rule of Civil Procedure 23 have been satisfied; (3) determine whether the proposed Plan of Allocation should be approved; (4) determine the amount of fees and expenses that should be awarded from the Settlement Fund to Lead Plaintiffs' Lead Counsel; and (5) consider such other matters as the Court may deem appropriate;

14

(c)     providing that notice of the Settlement Hearing be given, in the name of the Clerk of the Court, to all Class Members, as follows:

(i)     The Claims Administrator shall cause a copy of the Settlement Notice to be mailed to all Class Members, at their last known address as appearing on records of AspenTech or its transfer agent, which information shall be provided by AspenTech;

(ii)     Lead Plaintiffs' Lead Counsel shall cause the Summary Notice substantially in the form annexed as Attachment 3 to Exhibit A to be published once in the national edition of the Wall Street Journal at least thirty (30) days prior to the date of the Settlement Hearing;

(d)     Determining that the notice prescribed above constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice of the Settlement Hearing and the proposed Settlement to all persons entitled to participate in, or affected by, the Settlement;

(e)     Setting forth that the persons and entities who requested exclusion from the Class in response to the Notice are excluded from the Class and shall not be entitled to submit any Proof of Claim forms and shall not be entitled to receive any payment out of the Net Settlement Fund;

(f)     Setting forth a period of time during which Class Members may serve written objections to the Settlement or the Plan of Allocation or the request for an award of fees and expenses to Plaintiffs' Counsel;

(g)     Setting forth a period of time during which Class Members must file a Proof of Claim in order to participate in the Net Settlement Fund and approving the form of Proof of Claim substantially in the form attached as Attachment 2 to Exhibit A to this Securities Stipulation; and

15

(h)     Preliminarily barring and enjoining the institution and prosecution of any Released Claims against any Released Parties by Class Members pending final approval of the Settlement.

D.     FINAL ORDER AND JUDGMENT

7.     If the Settlement contemplated by this Securities Stipulation is approved by the Court after notice to the Class and the Settlement Hearing, counsel for the parties shall jointly request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

E.     ADMINISTRATION OF THE SETTLEMENT

8.     The Claims Administrator shall administer the Settlement and disburse the Settlement Fund, subject to the jurisdiction of the Court.  Defendants and the other Released Parties shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

9.     Without further approval from Defendants or the Court, Lead Plaintiffs' Lead Counsel may pay from the Settlement Fund the reasonable costs and expenses associated with (a) identifying Class Members, (b) providing notice to the Class, (c) administering the Settlement, including without limitation, the actual costs of publication, printing and mailing the Settlement Notice and reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses

incurred and fees charged by the Claims Administrator in discharging its duties hereunder.

10.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation that is included in the Settlement Notice).  The Plan of Allocation proposed in the Settlement Notice is not a necessary term of this Securities Stipulation and it is not a condition of this Securities Stipulation that any particular Plan of Allocation be approved.

11.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all Authorized Claimants.  This is not a claims-made settlement. Defendants shall not be entitled to the return of any part of the Settlement Amount once the Settlement has become effective (that is, once the Effective Date has occurred).

12.     Any Class Member who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Amount but will otherwise be bound by all of the terms of this Securities Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

13.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)    Each Class Member shall be required to submit a Proof of Claim supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)    All Proofs of Claim must be submitted by the date specified in the Settlement Notice unless such period is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Securities Stipulation and the Settlement including the terms of the Order and Final Judgment and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims. A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator. Lead Plaintiffs' Lead Counsel or the Claims Administrator may accept untimely claims if such acceptance does not delay distribution of the Net Settlement Fund to Authorized Claimants;

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Securities

Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

       (d)    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to attempt to remedy the curable deficiencies in the Proofs of Claim submitted. Lead Plaintiffs' Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Plaintiffs' Lead Counsel deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

       (e)    If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Plaintiffs' Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel.

14.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed on the merits of the Securities Action or Settlement in connection with processing of the Proofs of Claim.

15.     Payment in accordance with these procedures shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Securities Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for herein, and will be permanently barred from bringing any action against the Released Parties concerning the Released Claims.

16.     All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

17.     The Claims Administrator shall process the Proofs of Claim and,

after the Effective Date and upon completion of that process including resolution of all

disputed claims, distribute the Net Settlement Fund to the Authorized Claimants in

accordance with the Plan of Allocation.  The Net Settlement Fund shall be distributed

only after (i) all Claims have been processed, and all claimants whose Claims have been

rejected or disallowed, in whole or in part, have been notified and provided the

opportunity to be heard concerning such rejection or disallowance; (ii) all objections with

respect to all rejected or disallowed claims have been resolved by the Court, and all

appeals therefrom have been resolved or the time therefor has expired; (iii) all matters

with respect to attorneys' fees, costs, and disbursements have been resolved by the Court,

all appeals therefrom have been resolved or the time therefor has expired; and (iv) all

costs of administration have been paid.

F.    EFFECTIVE DATE: TERMINATION

        18.    The "Effective Date" of the Settlement shall be the first date when

all the following shall have occurred:

        (a)    the Securities Settlement Amount shall have been paid into

the Escrow Account;

        (b)    the Court shall have approved the Settlement after notice to

the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

        (c)    the Court shall have entered the Order and Final Judgment,

substantially in the form annexed hereto, or another form of judgment providing for

dismissal of the Securities Action with prejudice (an "Alternative Judgment"); and

        (d)    the Order and Final Judgment or the Alternative Judgment

21

shall have become Final and, in the case of an Alternative Judgment, no party to this Securities Stipulation shall have elected to terminate the Securities Stipulation.

19.     Defendants and the Lead Plaintiff each shall have the right to terminate the Securities Stipulation and abandon the Settlement by providing written notice of their election to do so to the other party to this Securities Stipulation within thirty (30) days after: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court declines to approve this Securities Stipulation or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; or (d) the date of entry of a decision by the U.S. Court of Appeals for the First Circuit or the U.S. Supreme Court modifying or reversing the Order and Final Judgment or an Alternative Judgment in any material respect.

20.     If the Securities Stipulation is terminated, no later than five (5) business days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund, plus interest but less Taxes due, and less all reasonable costs of administration or notice that have been disbursed or incurred in accordance with this Securities Stipulation prior to the date of such written notification, shall be refunded by the Escrow Agent to AspenTech or its insurers in accordance with written instructions to be provided by Defendants' Counsel (the "Written Instructions"), which shall state among other things that amounts owed to the insurers shall be returned directly to the original contributing insurers, together with interest earned thereon on a pro rata basis, and any administration or notice costs shall be deducted from the amount returned to the primary insurer. In such event, AspenTech and its insurers (to the extent

of their ratable contributions to the Settlement Fund) shall be entitled to any tax refund then owed on the Settlement Fund.  Further, no later than three (3) business days after such written notification and before the Settlement Fund has been returned pursuant to the Written Instructions, Lead Plaintiffs' Lead Counsel shall refund to the Settlement Fund all amounts paid to Plaintiffs' Counsel from the Settlement Fund prior to that time in satisfaction of an award of attorneys' fees and reimbursement of expenses.

21.     If the Securities Stipulation is terminated and the Settlement Fund has been refunded pursuant to paragraph 20, then the parties to this Securities Stipulation shall be deemed to have reverted to their respective status in the Securities Action prior to the execution of this Securities Stipulation and shall proceed in the Securities Action in all respects as if the Securities Stipulation and any related orders had not been entered, and any order entered by the Court pursuant to the terms of this Securities Stipulation shall be treated as vacated nunc pro tunc.  In such event, the fact of this Securities Stipulation or the terms contained herein shall not be admissible in any proceeding for any purpose.

G.     APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

22.     Lead Plaintiffs' Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and the reimbursement of expenses.  Any such Court award of attorneys' fees and expenses shall be paid only out of the Settlement Fund.  Defendants and the other Released Parties shall have no responsibility for payment of any part of such fees or expenses.  Interest on any such an award shall accrue at the same rate as interest accrues on the Settlement Fund.  Attorneys' fees and expenses

awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Plaintiffs' Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.  In the event that the award is modified or reversed on appeal or reargument, or if the Settlement is terminated pursuant to Section F, Lead Plaintiffs' Lead Counsel shall repay with interest amounts to reflect such modification or reversal no later than five (5) business days after Lead Plaintiffs' Lead Counsel receive notice of the entry of such an order, regardless of any possibility of reargument or appeal thereof.  Lead Plaintiffs' Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner that Lead Plaintiffs' Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Securities Action.

H.    SECURITIES STIPULATION NOT AN ADMISSION

23.    This Securities Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)    shall not be offered or received against any of Defendants or the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Defendant or Released Party of the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or

could have been asserted in the Securities Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Securities Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of any of Defendants or the Released Parties;

(b)     shall not be offered or received against any of Defendants or Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of Defendants or Released Parties;

(c)     shall not be offered or received against any of Defendants or Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of Defendants or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Securities Stipulation; provided, however, that if this Securities Stipulation is approved by the Court, Defendants or the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against Defendants or Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Securities Action; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class

Members that any of their claims are without merit, or that any defenses asserted by

Defendants have any merit, or that damages recoverable under the Complaint would not

have exceeded the Settlement Fund.

I.    MISCELLANEOUS

        24.    The exhibits to this Securities Stipulation are integral parts of the

parties' agreement and are incorporated by reference as if set forth herein.

        25.    AspenTech represents that it is not insolvent and that the payments

to be made by it under paragraph 4 will not render it insolvent within the meaning of or

for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.

        26.    If a case is commenced under Title 11 of the United States Code

(Bankruptcy) in respect of any Defendant contributing to the Settlement Amount (or any

insurer contributing funds to the Settlement Amount on behalf of any Defendant), or a

trustee, receiver or conservator is appointed as to any such person or entity (or insurer)

under any similar law, and in the event of the entry of a Final order of a court of

competent jurisdiction determining the transfer of money to the Settlement Fund or any

portion thereof by such Defendant (or insurer) to be a preference, voidable transfer,

fraudulent transfer or similar transaction and any portion thereof is required to be, and is

capable of being, disgorged by the Settlement Fund and is so disgorged, and replacement

funds are not promptly deposited into the Settlement Fund by other Defendants, then, at

the election of Lead Plaintiffs' Lead Counsel, the parties shall jointly move the Court to

vacate and set aside the releases given and Judgment entered in favor of Defendants

pursuant to this Securities Stipulation, which releases and Judgment shall be null and

void, and the parties shall be restored to their respective positions in the litigation as of the execution of this Securities Stipulation and any amounts in the Settlement Fund shall be returned as provided in paragraph 20 above.

27.    The Final Order and Judgment will contain a statement that during the course of the Securities Action, the parties and counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

28.    Lead Plaintiffs' Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Securities Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain Final court approval of the Settlement.

29.    The persons executing this Securities Stipulation represent that they have been duly authorized to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Securities Stipulation in order to effectuate its terms.

30.    This Securities Stipulation and all of the exhibits appended hereto constitute the entire agreement of the parties with respect to their subject matter and supersede any prior agreement, whether written or oral, as to that subject matter.  No representations or inducements have been made by any party hereto concerning this

Securities Stipulation or its exhibits other than those contained and memorialized in such documents.  The provisions of the Securities Stipulation and its exhibits may not be modified or amended, nor may any of their provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

31.     The waiver by any party of a breach of this Securities Stipulation by any other party shall not be deemed a waiver of any other breach of this Securities Stipulation.

32.     This Securities Stipulation shall be binding upon, and inure to the benefit of, the parties and their successors and assigns.

33.     This Securities Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that the Securities Stipulation is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to its preparation.

34.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

35.     The Securities Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the Commonwealth of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

36.     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Securities Stipulation and the parties to the Securities Stipulation submit to the jurisdiction of the Court for those purposes.

37.     This Securities Stipulation may be executed in one or more counterparts and may be executed by facsimile signature.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Securities Stipulation shall exchange among themselves signed counterparts.

J.      SUPPLEMENTAL AGREEMENT

38.     (a)     Simultaneously herewith, Lead Plaintiffs' Lead Counsel and Defendants' Counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Securities Stipulation may be withdrawn or terminated by Defendants if potential Class Members who purchased in excess of a certain number of shares of AspenTech common stock traded during the Class Period exclude themselves from the Class.  The Supplemental Agreement shall not be filed unless a dispute arises as to its terms.  In the event of a withdrawal from this Securities Stipulation pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraphs 20 and 21 shall apply.  Notwithstanding the foregoing, the Securities Stipulation shall not become null and void as a result of the election by the Defendants to exercise their option to withdraw from the Securities Stipulation pursuant to the Supplemental Agreement unless the conditions set forth in the Supplemental Agreement have been satisfied.

(b)    The Claims Administrator shall, upon receiving any requests for exclusion, send copies of all such requests for exclusion to both Defendants' Counsel and Lead Plaintiffs' Lead Counsel by fax or overnight express within two (2) days of their receipt.

Dated: November 16, 2005

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP

By: _____

Samuel H. Rudman (*admitted pro hac vice*)
Russell J. Gunyan (*admitted pro hac vice*)
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: (631) 367-7100

Lead Counsel to Plaintiffs and Putative Class

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____

Thomas J. Dougherty (BBO #132300)
One Beacon Street
Boston, MA 02108
Telephone: (617) 573-4800

Duly Authorized on Behalf of Defendants