[ATTACHMENT 2]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
In re ASPEN TECHNOLOGY, INC.      :      Civil Action
SECURITIES LITIGATION             :      No. 04-12375-JLT
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PROOF OF CLAIM

DEADLINE FOR SUBMISSION: _____.

IF YOU PURCHASED THE COMMON STOCK OF ASPEN TECHNOLOGY, INC. ("ASPENTECH") BETWEEN OCTOBER 29, 1999 AND MARCH 15, 2005, INCLUSIVE (THE "CLASS PERIOD") AND SUFFERED DAMAGES THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

EXCLUDED FROM THE CLASS ARE THE DEFENDANTS, ALL OF THE OFFICERS, DIRECTORS AND PARTNERS THEREOF, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY ENTITY IN WHICH ANY OF THE FOREGOING HAVE OR HAD A CONTROLLING INTEREST.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO THE FOLLOWING ADDRESS:

　　　　In re Aspen Technology, Inc. Securities Litigation Settlement
　　　　c/o Gilardi & Co. LLC
　　　　1115 Magnolia Avenue
　　　　Larkspur, CA 94939

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR

RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT
OF THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO
THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY
SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.
SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

1.    I purchased the common stock of AspenTech between October 29, 1999 and
March 15, 2005, inclusive.  (Do not submit this Proof of Claim if you did not
purchase AspenTech common stock during this period).

2.    By submitting this Proof of Claim, I state that I believe in good faith that I am a
Class Member as defined above and in the Notice of Proposed Settlement of Class
Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the
"Settlement Notice"), or am acting for such person; that I am not a Defendant in
the Securities Action or anyone excluded from the Class; that I have read and
understand the Settlement Notice; that I believe that I am entitled to receive a
share of the Net Settlement Fund; that I elect to participate in the proposed
Settlement described in the Settlement Notice; and that I have not previously filed
a request for exclusion.  (If you are acting in a representative capacity on behalf of
a Class Member (e.g., as an executor, administrator, trustee, or other
representative), you must submit evidence of your current authority to act on
behalf of that Class Member.  Such evidence would include, for example, letters
testamentary, letters of administration, or a copy of the trust documents.)

3.    I consent to the jurisdiction of the Court with respect to all questions concerning
the validity of this Proof of Claim.  I understand and agree that my claim may be
subject to investigation and discovery under the Federal Rules of Civil Procedure,
provided that such investigation and discovery shall be limited to my status as a
Class Member and the validity and amount of my claim.  No discovery shall be
allowed on the merits of the Securities Action or Settlement in connection with
processing of the Proofs of Claim.

4.    I have set forth where requested below all relevant information with respect to
each purchase of AspenTech common stock during the Class Period, and each
sale, if any, of such stock.  I agree to furnish additional information (including
transactions in other AspenTech common stock) to the Claims Administrator to
support this claim if requested to do so.

5.    I have enclosed documentation of my transactions in AspenTech common stock
such as photocopies of the stockbroker's confirmation slips, stockbroker's
statements, relevant portions of my tax returns or other documents evidencing
each open market purchase, sale or retention of AspenTech common stock listed
below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN
YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT

DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.    I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.)

7.    Upon the occurrence of the Effective Date my signature hereto will constitute a full and complete release, remise and discharge by me and my heirs, executors, administrators, predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as defined in the Settlement Notice.

8.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at Gilardi & Co. LLC, 1115 Magnolia Avenue, Larkspur, CA 94939 or visit their website at gilardi.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

3

9.      Statement of Claim

Name(s) of Beneficial Owner(s):

_____
Name

_____
Joint Owner's Name (if any)

Address of Beneficial Owner(s):

_____
Street No.

_____   ____   _____
City                  State   Zip Code

( )_____   ( )_____
Telephone No. (Day)     Telephone No. (Night)

_____
Taxpayer ID. No. or Social Security No.

Check one:

___Individual        ___Corporation
___Joint Owners      ___IRA
___Estate            ___Other _____(specify)

10.     At the close of business on October 28, 1999, I owned _____ shares of AspenTech common stock.

11.    I made the following purchases of AspenTech common stock between October 29, 1999 and March 15, 2005, inclusive.  (Persons who received AspenTech common stock during the Class Period other than by purchase on the open market are not eligible to submit claims for those transactions.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |

12.    I made the following sales of AspenTech common stock between October 29, 1999 and March 15, 2005, inclusive:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |

13.    At the close of business on March 15, 2005, I owned _____ shares of AspenTech common stock.

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

14.    Substitute Form W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).

For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

15.    Certification

I (We) certify that I am (we are) NOT subject to backup withholding

under the provisions of Section 3406 (a)(l)(c) of the Internal Revenue Code because:  (a)

I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by

the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to

report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no

longer subject to backup withholding.

NOTE:  If you have been notified by the I.R.S. that you are subject to backup

withholding, please strike out the language that you are not subject to backup withholding

in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT

ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT

AND COMPLETE.

Signature of Claimant (If this claim is being
made on behalf of joint claimants, then each
must sign)

_____
(Signature)

_____
(Signature)

6

_____
(Capacity of person(s) signing, e.g.
beneficial purchasers), executor,
administrator, trustee, etc.)

Date:    _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN
_____, AND MUST BE MAILED TO:

In re ASPEN TECHNOLOGY, INC. Securities Litigation Settlement
c/o Gilardi & Co. LLC
1115 Magnolia Avenue
Larkspur, CA 94939

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the Claims Administrator of any change of address.

7

**REMINDER CHECKLIST**

1. ☐ Please be sure to sign this Proof of Claim on page 5.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2. ☐ Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

3. ☐ Do NOT use highlighter on the Proof of Claim or any supporting documents.

4. ☐ If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

**NOTE: RECEIPT ACKNOWLEDGMENT NEEDED**

The Claims Administrator will send a written confirmation of its receipt of your Proof of Claim.  Do not assume your claim is submitted until you receive written confirmation of its receipt.  Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation of its receipt of your Proof of Claim.  If you do not receive an acknowledgement postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims Administrator toll free at _____.