**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

In re ASPEN TECHNOLOGY, INC.     :     Civil Action
SECURITIES LITIGATION           :     No. 04-12375-JLT
                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER AND FINAL JUDGMENT**

         This matter came before the Court for hearing pursuant to an Order dated

_____, 200_ (the "Preliminary Approval Order"), on the application of the parties for

approval of the settlement provided for in the Stipulation and Agreement of Compromise,

Settlement and Release of Securities Action dated November 16, 2005 (the "Securities

Stipulation"); and

         Due and adequate notice having been given to members of the Class (as

defined below), as required in the Preliminary Approval Order, and following such

notice, a hearing having been held before this Court on _____, 2005 (the "Settlement

Hearing") to determine the matters contemplated herein; and the Court having considered

all papers and filings had herein and otherwise being fully informed of the premises and

good cause appearing therefore; and all capitalized terms herein having the same

meanings defined in the Securities Stipulation and the Preliminary Approval Order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.        The Court has jurisdiction over the subject matter of the Securities Action, Lead Plaintiffs, all members of the Class and Defendants.

2.        For the reasons set forth in the Court's Order dated_____, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:  (a) the number of members of the Class are so numerous that joinder of all members in the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class it seeks to represent; (d) the Class Representative has and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.        Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies this action as a class action on behalf of a plaintiff class (the "Class") consisting of all persons or entities who purchased the common stock of Aspen Technology, Inc. ("AspenTech") between October 29, 1999 and March 15, 2005, inclusive, and who were allegedly damaged thereby.  Excluded from the Class are the Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in

2

which any of the foregoing have or had a controlling interest. Also excluded from the

Class are the persons and/or entities who excluded themselves from the Class by filing a

request for exclusion in response to the Settlement Notice, as listed on Attachment 1

annexed hereto.

        4.      The Notice of the Proposed Settlement of Class Action, Motion

For Attorneys' Fees, and Settlement Fairness Hearing, which was previously approved by

the Court, was given to all members of the Class who could be identified with reasonable

effort. The Court finds that the form of notice specified in the Court's Preliminary

Approval Order has been given. The form and method of notice as so provided

constituted the best notice practicable under the circumstances, satisfied the requirements

of Rule 23 of the Federal Rules of Civil Procedure, § 21D(a)(7) of the Securities

Exchange Act of 1934,15 U.S.C. § 78u-4(a)(7) as amended, and due process, and

constituted due and sufficient notice to all persons and entities entitled thereto.

        5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the

Court hereby approves the settlement set forth in the Securities Stipulation (the

"Settlement") and finds that the Settlement is, in all respects, fair, reasonable and

adequate to members of the Class. The parties are authorized and directed to

consummate the Settlement in accordance with the terms and provisions of the Securities

Stipulation.

        6.      Except as to any individual claim of those persons who have

validly and timely requested exclusion from the Class, the Court hereby dismisses the

Securities Action with prejudice and without costs (except as otherwise provided in the

Securities Stipulation) as to any and all Released Claims, including Unknown Claims, that were or could have been asserted in the Securities Action by or on behalf of Lead Plaintiffs and the Class Members.

7.      All Class Members and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting all direct, indirect, individual, representative or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown (including Unknown Claims), and whether arising under federal, state, local, statutory, common or any other law, rule, or regulation, against any of the Released Parties, which have been, or could have been, asserted in the Securities Action or in any court or forum by the Class Members or any of them individually (or any of their heirs, executors, successors or assigns, in their capacities as such, or any person or entity whom the Class Member represents as the purchaser of AspenTech common stock), based upon, relating to or arising from the acts, facts, matters or occurrences, errors, representations or omissions, transactions and circumstances that were alleged in the Complaint and which relate to or arise in any way, directly or indirectly, from any transactions relating to AspenTech common stock during the Class Period (the "Released Claims").  The "Released Parties" are any of the Defendants, collectively or individually, and any of the families, heirs, executors, trustees, representatives, estates or administrators, agents, attorneys, counselors, insurers, financial or investment advisors of any of the Individual Defendants; and the affiliates, partners, subsidiaries, predecessors, successors or assigns, past or present officers, directors, associates, controlling persons, representatives, employees, attorneys,

4

counselors, insurers, financial or investment advisors, dealer managers, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents of AspenTech. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.    Upon the Effective Date, Lead Plaintiffs and all Class Members shall be deemed to have covenanted not to sue any of the Released Parties in any individual, class or other representative capacity with respect any Released Claim.

9.    The Defendants, the successors and assigns of any of them, and, to the extent of their authority to act on behalf of the Released Parties, the Released Parties, are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, whether known or unknown (including Unknown Claims), and whether arising under federal, state, or any other law, which have been, or could have been, asserted in the Securities Action or in any court or forum, by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Securities Action (except for claims to enforce the Securities Stipulation or the Settlement) (the "Defendants' Claims"). The Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.    This Order and Final Judgment, the Securities Stipulation and its exhibits, the terms and provisions thereof, and any of the negotiations or proceedings

connected with them, and any of the documents or statements referred to therein shall not

be:

        a.      offered or received against any of the Defendants or other

Released Parties as evidence of or a presumption, concession, or admission by any

Defendant or other Released Party of the truth of any fact alleged by any of the Plaintiffs

or the validity of any claim that has been or could have been asserted in the Securities

Action or in any litigation, or the deficiency of any defense that has been or could have

been asserted in the Securities Action or in any litigation, or of any liability, negligence,

fault, or wrongdoing on the part of any of the Defendants or other Released Parties;

        b.      offered or received against any of the Defendants or other

Released Parties as evidence of a presumption, concession or admission of any fault,

misrepresentation or omission with respect to any statement or written document

approved or made by any Defendant or Released Party;

        c.      offered or received against any of the Defendants or other

Released Parties as evidence of a presumption, concession or admission with respect to

any liability, negligence, fault or wrongdoing, or in any way referred to for any other

reason as against any of the Defendants or Released Parties, in any other civil, criminal or

administrative action or proceeding, other than such proceedings as may be necessary to

effectuate the provisions of the Securities Stipulation; provided, however, that the

Defendants and the Released Parties may refer to it to effectuate the liability protection

granted them hereunder;

6

d.      construed against the Defendants or other Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial in the Securities Action; or

e.      construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.      The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.

12.      The Court finds that all parties and counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.      Plaintiffs' Counsel are hereby awarded _____% of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which amounts shall be paid to Lead Plaintiffs' Lead Counsel from the Settlement Fund pursuant to the terms of the Securities Stipulation with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in the Securities Action in a fashion

which, in the opinion of Lead Plaintiffs' Lead Counsel, fairly compensates Plaintiffs'

Counsel for their respective contributions in the prosecution of the Securities Action.

14.    In making this award of attorneys' fees and reimbursement of

expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.    the Settlement has created a fund of $ 5.6 million in cash

(which is already on deposit), plus interest thereon, and that numerous Class Members

who submit acceptable Proofs of Claim will benefit from the Settlement created by Lead

Plaintiffs' Lead Counsel;

b.    Over _____ copies of the Settlement Notice were

disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving

for attorneys' fees from the Settlement Fund in an amount of up to ___ percent (__%) of

the Settlement Fund and for reimbursement of their expenses in the approximate amount

of $_____, and ____ objections were filed against the terms of the proposed

Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel

contained in the Notice;

c.    Lead Plaintiffs' Lead Counsel have conducted the litigation

and achieved the Settlement with skill, perseverance and diligent advocacy;

d.    The Securities Action involves complex factual and legal

issues and was actively investigated and prosecuted and, in the absence of a settlement,

would involve further lengthy proceedings with uncertain resolution of the complex

factual and legal issues;

              e.        Had Lead Plaintiffs' Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing from the Defendants; and

              f.        The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

          15.      Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction over (a) implementation of the Settlement and any award or distribution from the Settlement Fund; (b) disposition of the Settlement Fund; (c) any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class; and (d) over the parties and Class Members for all matters relating to this Securities Action, including the administration, interpretation, effectuation or enforcement of the Securities Stipulation and this Order and Final Judgment.

          16.      Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Securities Stipulation.

          17.      There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this _____ day of _____, 200_.

                                   _____
                                        U.S.D.J.