[**ATTACHMENT 1**]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
In re ASPEN TECHNOLOGY, INC.                           :   Civil Action
SECURITIES LITIGATION                                  :   No. 04-12375-JLT
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING**

TO:  ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF ASPEN TECHNOLOGY, INC. ("ASPENTECH") BETWEEN OCTOBER 29, 1999 AND MARCH 15, 2005, INCLUSIVE (THE "CLASS PERIOD"), AND WHO WERE ALLEGEDLY DAMAGED THEREBY (THE "CLASS")

PLEASE READ THIS NOTICE CAREFULLY. IT RELATES TO THE PROPOSED SETTLEMENT OF THIS CLASS ACTION LAWSUIT. IF YOU ARE A MEMBER OF THE CLASS, THIS NOTICE INCLUDES IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. A MEMBER OF THE CLASS WHO HAS NOT PREVIOUSLY SUBMITTED A TIMELY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT WILL BE BOUND BY THE SETTLEMENT WHETHER OR NOT HE OR SHE SUBMITS A CLAIM FOR RECOVERY.

**CLAIM DEADLINE:** IN ORDER TO SHARE IN THE SETTLEMENT, MEMBERS OF THE CLASS MUST SUBMIT A PROOF OF CLAIM ON THE FORM ACCOMPANYING THIS NOTICE NO LATER THAN _____, 2006.

**BANKS, BROKERAGE FIRMS AND NOMINEES:** IF YOU HELD ASPENTECH COMMON STOCK ON BEHALF OF BENEFICIAL OWNERS, YOU ARE REQUESTED TO FORWARD COPIES OF THIS NOTICE AND THE PROOF OF CLAIM TO SUCH BENEFICIAL OWNERS OR PROVIDE THE CLAIMS ADMINISTRATOR WITH MAILING INFORMATION, AS DESCRIBED ON PAGE BELOW.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The settlement will provide a $5,600,000 cash settlement fund for the benefit of investors who purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive, and who were allegedly damaged thereby.

- The settlement resolves a lawsuit on behalf of the Class over whether the Defendants misled investors during the Class Period about AspenTech's financial condition and business prospects.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - and the deadlines to exercise them - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

**SUMMARY NOTICE**

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $5,600,000 in cash, plus interest, will be established. Lead Plaintiffs estimate that there were millions of shares of AspenTech common stock traded during the Class Period. Lead Plaintiffs' estimate of the average recovery per damaged share[1] of AspenTech common stock under the settlement, before deduction of Court-awarded attorneys' fees and expenses, is approximately $0.17. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by his, her or its Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when during the Class Period a Class Member purchased AspenTech common stock, and whether the common stock was held at the end of the Class Period or sold during the Class Period, and if sold, when they were sold, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation on page 15 for more information on your Recognized Claim.

---

[1] An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to have prevailed on each claim alleged. AspenTech and the other Defendants deny that they misled investors or that they are liable in any respect to the Plaintiffs and the Class and deny that Plaintiffs or the Class have suffered any damages.

Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel will move the Court to award attorneys' fees in an amount of up to twenty five percent (25%) of the Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Securities Action in the approximate amount of $150,000.00. The requested fees and expenses would amount to an average of $0.05 per damaged share in total for fees and expenses. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

Further Information

Further information regarding the Securities Action and this Notice may be obtained by contacting Lead Plaintiffs' Lead Counsel:

> Samuel H. Rudman
> Lerach Coughlin Stoia Geller Rudman & Robbins LLP
> 200 Broadhollow Road, Suite 406
> Melville, NY 11747
> (631) 367-7100

DO NOT CONTACT THE COURT TO ANSWER QUESTIONS YOU MIGHT HAVE.

Reasons for the Settlement

Plaintiffs believe that the principal reason for the settlement is the significant benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

Defendants deny that they misled investors during the Class Period and have entered into the settlement solely in order to eliminate the burden and expense of further litigation and in recognition of the risk of an adverse outcome that is inherent in any complex litigation.

**[END OF COVER PAGE]**

**BASIC INFORMATION**

1. <u>Why did I get this notice package?</u>

You or someone in your family may have purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive, and suffered damages thereby.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

2. <u>What is this lawsuit about?</u>

This lawsuit alleges that AspenTech and certain of its officers and directors violated federal securities laws by making materially false and/or misleading statements and/or omissions regarding AspenTech's financial condition for fiscal years 2000 through 2004, and that members of the Class purchased the common stock of AspenTech at prices that were artificially inflated due to Defendants' alleged materially false and/or misleading statements. AspenTech and all other Defendants deny any wrongdoing, fault, liability or damage to the members of the Class, deny that they engaged in any wrongdoing, deny that they committed any violation of law or breach of duty, deny that they acted improperly in any way, and believe that they acted properly at all times.

3. <u>Why is this a class action?</u>

In a class action, one or more people called class representatives (in this case the City of Roseville Employees' Retirement System and Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66)) sue on behalf of people who have similar claims. All these people are a Class or Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

On _____, 2005, for the purposes of settlement only, the Court certified this lawsuit as a class action on behalf of all persons who purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive.

Excluded from the Class are the Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest.

4. <u>Why is there a settlement?</u>

Based upon their investigation, Lead Plaintiffs and Lead Plaintiffs' Lead Counsel have concluded that the terms and conditions of the Stipulation and Agreement of Compromise, Settlement and Release of Securities Action dated November 16, 2005 (the "Securities Stipulation") are fair, reasonable and adequate to Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Securities Action pursuant to the terms and provisions of the Securities Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the members of the Class will receive from settlement of the Securities Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided under the terms of the Securities Stipulation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

5. <u>How do I know if I am part of the settlement?</u>

The Court decided that everyone who fits the following description is a Class Member: All persons who purchased the common stock of Aspen Technology, Inc. between October 29, 1999 and March 15, 2005, inclusive.

6. <u>Are there exceptions to being included?</u>

Excluded from the Class are the Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest.

If one of your mutual funds purchased AspenTech common stock during the Class Period, that fact alone does not make you a Class Member. You are a Class Member only if you **directly** purchased AspenTech common stock during the Class Period. Contact your broker to see if you purchased AspenTech common stock during the Class Period.

If you **sold** AspenTech common stock during the Class Period, that fact alone does not make you a Class Member. You are a Class Member only if you **purchased** your AspenTech common stock during the Class Period.

7. <u>What if I am still not sure if I am included?</u>

If you are still not sure whether you are included, you can ask for free help. You can call (415) 461-0410 or visit gilardi.com for more information. Or you can fill out and return the Proof of Claim form described on page 9, in response to question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

8.   What does the settlement provide?

In exchange for the Settlement and dismissal of the Securities Action, Defendants have agreed to contribute $5,600,000 in cash (the "Securities Settlement Amount") to a settlement fund that will be divided, after deducting fees and expenses of notice and administration and any Court-awarded attorneys' fees and expenses, among all Class Members who send in a valid Proof of Claim form.

9.   How much will my payment be?

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of AspenTech common stock you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

By following the instructions on in the Plan of Allocation, you can calculate what is called your Recognized Claim. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a fraction of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims.

**HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM**

10.   How can I get a payment?

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at www.gilardi.com. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2006.

11.   When would I get my payment?

The Court will hold a hearing on _____, 2006, to decide whether to approve the settlement. If the Court approves the settlement after that hearing, there may be appeals. It is always uncertain whether or when any such appeals, if any, might be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

12.   What am I giving up to get a payment?

Upon the Effective Date, you and all other Class Members will release all "Released Claims," including "Unknown Claims" against the "Released Parties" (all as defined below). In addition, the Order and Final Judgment shall provide that Lead Plaintiffs and members of the Class shall, upon the Effective Date, be deemed to have covenanted not

6

to sue any of the Released Parties in any individual, class or other representative capacity with respect to any Released Claim.

"Released Claims" means all direct, indirect, individual, representative or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown (including Unknown Claims (as defined below)), and whether arising under federal, state, local, statutory, common or any other law, rule, or regulation, against any of the Released Parties, which have been, or could have been, asserted in the Securities Action or in any court or forum by the Class Members or any of them individually (or any of their heirs, executors, successors or assigns, in their capacities as such, or any person or entity whom the Class Member represents as the purchaser of AspenTech common stock), based upon, relating to or arising from the acts, facts, matters or occurrences, errors, representations or omissions, transactions and circumstances that were alleged in the Complaint and which relate to or arise in any way, directly or indirectly, from any transactions relating to AspenTech common stock during the Class Period.

"Unknown Claims" means any and all Released Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which (in either case) if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Defendants' Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment in the Securities Action shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Claims was separately bargained for and was a necessary and key element of the Settlement.

"Released Parties" means any of the Defendants, collectively or individually, and any of the families, heirs, executors, trustees, representatives, estates or administrators, agents, attorneys, counselors, insurers, financial or investment advisors of any of the Individual Defendants; and the affiliates, partners, subsidiaries, predecessors, successors or assigns, past or present officers, directors, associates, controlling persons, representatives, employees, attorneys, counselors, insurers, financial or investment advisors, dealer

managers, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents of AspenTech.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to any further appeal.

## EXCLUSION FROM THE CLASS

13.     Can I Exclude Myself From The Class and Settlement?

Class Members shall be bound by all determinations and judgments in this Securities Action, whether favorable or unfavorable, including the release provided for under the Securities Stipulation, whether or not they submit a Proof of Claim, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _____ (twenty (20) days prior to the date of the Settlement Hearing) to Aspen Technology, Inc. Securities Litigation Exclusions, c/o Gilardi & Co. LLC, 1115 Magnolia Avenue, Larkspur, CA 94939.  Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Aspen Technology, Inc. Securities Litigation, and must be signed by such person.  Such persons requesting exclusion are also requested to state:  their telephone number and date(s), price(s), and number(s) of shares of all purchases and sales of AspenTech common stock during the Class Period.  The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

## THE LAWYERS REPRESENTING YOU

14.     Do I have a lawyer in this case?

The Court ordered that Lerach Coughlin Stoia Geller Rudman & Robbins LLP, a law firm based in Melville, New York, will represent you and the other Class Members. These lawyers are called Lead Plaintiffs' Lead Counsel.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

15.     How will the lawyers be paid?

Lead Plaintiffs' Lead Counsel are moving the Court to award attorneys' fees from the Settlement Fund in an amount of up to twenty five percent (25%) of the Settlement Fund and for reimbursement of their expenses in the approximate amount of $150,000.00, plus interest on such expenses at the same rate as earned by the Settlement Fund.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Securities Action.  Lead Plaintiffs' Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the settlement

proceeds to the members of the Class and any proceedings subsequent to the Settlement Hearing.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

16.   <u>How do I tell the Court that I do not like the proposed settlement?</u>

If you are a Class Member you can object to the settlement or any of its terms, the proposed Plan of Allocation and/or the application by Lead Plaintiffs' Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement in the *In re Aspen Technology, Inc. Securities Litigation*, Civil Action No. 04-12375-JLT (D. Mass.). Be sure to include your name, address, telephone number, and your signature, identity the date(s), price(s), and number(s) of shares of all purchases and sales of AspenTech common stock you made during the Class Period, and state the reasons why you object to the Settlement. Mail the objection to all of the following addresses postmarked no later than _____ (twenty (20) days prior to the date of the Settlement Hearing):

**COURT**

Clerk of the Court
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

**LEAD PLAINTIFFS' LEAD COUNSEL**

Samuel H. Rudman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747

**DEFENDANTS' LEAD COUNSEL**

Thomas J. Dougherty
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

You do not need to go to the Settlement Hearing to have your written objection considered by the Court. At the Settlement Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this section and in the response to question 19 below for filing with the Court and providing to Lead Plaintiffs' Lead Counsel and Defendants' Lead Counsel a statement of an intention to appear at the Settlement Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Lead Plaintiffs' Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

17.     <u>When and where will the Court decide whether to approve the proposed settlement?</u>

The Court will hold a Settlement Hearing at :      .m., on _____, 2006, at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the settlement and the application of Lead Plaintiffs' Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions shown in response to question 16.

The Court will consider any objections that are submitted within the deadline identified, and according to the procedures described, in this Notice. The Court also may listen to people who have properly indicated within the deadline identified above an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. The Court may also decide how much to pay to Plaintiffs' Counsel. At or after the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing. Thus, if you want to come to the hearing, you should check with Lead Plaintiffs' Lead Counsel before coming to be sure that the date and/or time have not changed.

18.     <u>Do I have to come to the hearing?</u>

No. Lead Plaintiffs' Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection in time, the Court will consider it. You may also pay your own lawyer to attend, but it is not

necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.     May I speak at the hearing?

If you object to the settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see response to question 16 above) a statement stating that it is your intention to appear in the *In re Aspen Technology, Inc. Securities Litigation*, Civil Action No. 04-12375-JLT (D. Mass.). Persons who intend to object to the settlement, the Plan of Allocation, and/or Lead Plaintiffs' Lead Counsels' application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline identified, and in accordance with the procedures described, in the responses to questions 13 and 16, above.

**IF YOU DO NOTHING**

20.     What happens if I do nothing at all?

If you do nothing, you will get no money from this settlement. You must submit a Proof of Claim form in order to share in the Net Settlement Fund or submit a request for exclusion if you wish to exclude yourself from the Class and Settlement.

The Order and Final Judgment approving the Settlement will dismiss the Securities Action and settle all non-excluded Class Members' Released Claims as against all Released Parties. Whether or not they submit a Proof of Claim form, all non-excluded Class Members will be barred and enjoined from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against AspenTech and the other Released Parties about the Released Claims in this case, ever again.

**GETTING MORE INFORMATION**

21.     Are there more details about the proposed settlement?

This notice summarizes the proposed settlement. More details are in a Stipulation and Agreement of Compromise, Settlement and Release of Securities Action dated November 16, 2005 (the "Securities Stipulation"). You can get a copy of the Securities Stipulation by writing to Samuel H. Rudman, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 200 Broadhollow Road, Suite 406, Melville, NY 11747.

You also can call the Claims Administrator at 415/461-0410; write to In re ASPEN TECHNOLOGY, INC. Securities Litigation Settlement, c/o Gilardi & Co. LLC, 1115 Magnolia Avenue, Larkspur, CA 94939; or visit the website at gilardi.com, where you will find answers to common questions about the settlement, a Proof of Claim form, plus

other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

22.   How do I get more information?

For even more detailed information concerning the matters involved in this Securities Action, reference is made to the pleadings, to the Securities Stipulation, to the Orders entered by the Court and to the other papers filed in the Securities Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, during regular business hours.

## PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AMONG CLASS MEMBERS

1.   For shares of Aspen Technology common stock purchased from December 7, 1999 through October 28, 2004, and

   (a)   sold prior to October 29, 2004, the claim per share is $0.

   (b)   sold between October 29, 2004 and November 18, 2004, the claim per share is the lesser of (i) the purchase price less $5.196 (90 Day Average Closing price) or, (ii) $0.670 per share (10/29/04 Price Decline).

   (c)   sold between November 19, 2004 through March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90 Day Average Closing price) or, (ii) $1.120 per share (10/29/04 & 11/19/04 Price Declines).

   (d)   retained at the end of March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90 Day Average Closing Price) or, (ii) $1.530 per share (10/29/04, 11/19/04 & 3/16/05 Price Declines).

2.   For shares of Aspen Technology common stock purchased from October 29, 2004 through November 18, 2004, and

   (a)   sold prior to November 19, 2004 the claim per share is $0.

   (b)   sold between November 19, 2004 through March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90 Day Average Closing price) or, (ii) $0.450 per share (11/19/04 Price Decline).

   (c)   retained at the end of March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90 Day Average Closing Price) or, (ii) $0.860 per share (11/19/04 & 3/16/05 Price Declines).

      3.      For shares of Aspen Technology common stock purchased from November 19, 2004 through March 15, 2005, and

           (a)      sold prior to March 16, 2005 the claim per share is $0.000.

           (b)      retained at the end of March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90 Day Average Closing Price) or, (ii) $0.410 per share (3/16/05 Price Decline).

### SPECIAL NOTICE TO BANKS, BROKERAGE FIRMS AND OTHER NOMINEES

If you purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased AspenTech common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of those shares of AspenTech common stock.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

      In re Aspen Technology, Inc. Securities Litigation Settlement
      c/o Gilardi & Co. LLC
      1115 Magnolia Avenue
      Larkspur, CA 94939

                By Order of the Court
                CLERK OF THE COURT