UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------ x
                               :
In re ASPEN TECHNOLOGY, INC.   :   Civil Action
SECURITIES LITIGATION          :   No. 04-12375-JLT
                               :
------------------------------ x

**ORDER PRELIMINARILY APPROVING SETTLEMENT,
<u>PROVIDING FOR NOTICE AND SCHEDULING SETTLEMENT HEARING</u>**

This matter came before the Court for hearing on the application of the parties to this consolidated action (the "Securities Action") for preliminary approval of the settlement provided for in the Stipulation and Agreement of Compromise, Settlement and Release dated November 16, 2005 (the "Securities Stipulation"), which, together with the exhibits thereto, sets forth the terms of a proposed settlement and dismissal with prejudice of the Securities Action upon the terms and conditions provided therein, subject to this Court's review and approval.

The Court having read and considered the application for preliminary approval of the proposed settlement, the Securities Stipulation and the accompanying documents; and the parties to the Securities Stipulation having consented to the entry of this Order; and

All capitalized terms used herein having the meanings defined in the Securities Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 23(b)(3), and for the purposes of settlement only, this action is hereby certified as a class action on behalf of all persons who purchased the common stock of Aspen Technology, Inc. between October 29, 1999 and March 15, 2005, inclusive. Excluded from the class are (1) Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest; and (2) any person or entity who files a timely and valid request for exclusion from the Class.

2. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Fed. R. Civ. P. 23, Lead Plaintiffs City of Roseville Employees Retirement System and Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66) are certified as Class Representatives.

4. The Court does hereby preliminarily approve the Securities Stipulation and the settlement provided for therein (the "Settlement") as being fair,

reasonable and adequate as to members of the Class, subject to further consideration at the Settlement Hearing described below.

5. In accordance with Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Settlement Hearing") shall take place before this Court on March 6th, 2006, at 10:00 A.m., at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts in Room 20, to consider and determine: (a) whether this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3); (b) whether the proposed Settlement is fair, reasonable, and adequate to members of the Class, and should be approved by the Court; (c) whether the Order and Final Judgment as provided for in the Securities Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice; (d) whether the Court should approve the proposed Plan of Allocation; (e) whether Plaintiffs' Counsel's application for an award of attorneys' fees and expenses should be granted; and (f) such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Class.

6. The Court may approve the Settlement with or without modification and with or without further notice of any kind. The Court may enter its Order and Final Judgment approving the Securities Stipulation and dismissing the Complaint on the merits and with prejudice whether or not the Court has approved the proposed Plan of Allocation or has awarded attorneys' fees and expenses to Plaintiffs' Counsel.

7.      The Court approves the form and content of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Settlement Notice") and the Proof of Claim form, in the form annexed to this Order as Attachments 1 and 2, respectively. The Court further approves the form and content of the Summary Notice for publication that is annexed to this Order as Attachment 3.

8.      The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator. The Claims Administrator will supervise and administer the provision of notice to the Class and the processing of claims as set forth more fully below. The Court directs Lead Plaintiffs' Lead Counsel and the Claims Administrator to provide notice to members of the Class as follows:

(a)     No later than ~~ten (10) business days after the entry of this Order~~ January 6, 2006, the Claims Administrator shall cause a copy of the Settlement Notice and the Proof of Claim, substantially in the form of Attachments 1 and 2, respectively, to this Order, to be mailed by first-class mail to all members of the Class who can be identified with reasonable effort;

(b)     No later than ten (10) business days after mailing the Settlement Notice and, in any event, at least thirty (30) days prior to the date of the Settlement Hearing, Lead Plaintiffs' Lead Counsel shall cause to be published the Summary Notice once in the national edition of <u>The Wall Street Journal</u>; and

(c)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Plaintiffs' Lead Counsel shall serve on Defendants' Counsel and file with

4

the Court a sworn statement setting forth the completion of the mailing of the Settlement Notice and Proof of Claim form and the publication of the Summary Notice.

   9. With respect to members of the Class who purchased or held their AspenTech common stock through brokerage firms or other nominees, the Claims Administrator shall use reasonable efforts to mail the Settlement Notice and Proof of Claim form to such nominee owners. Nominees shall be requested to send the Settlement Notice and the Proof of Claim to all beneficial owners on whose behalf such Nominees purchased AspenTech common stock during the Class Period within seven (7) days of the receipt thereof, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of the receipt thereof, in which event the Claims Administrator promptly shall mail the Settlement Notice and Proof of Claim to such beneficial owners. Additional copies of the Settlement Notice and Proof of Claim form shall be made available by the Claims Administrator to any nominee requesting them to mail to beneficial owners. Nominees shall be reimbursed from the Settlement Fund for the reasonable expenses incurred in mailing the Settlement Notice and Proofs of Claim to beneficial owners, upon receipt by the Claims Administrator of proper documentation.

   10. The Court finds that the notice to the Class provided for under the preceding paragraphs of this Order is the best notice practicable under the circumstances, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended,

and due process, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11. Class Members shall be bound by all determinations and judgments in this Securities Action, whether favorable or unfavorable, including the release provided for under the Securities Stipulation, whether or not they submit a Proof of Claim, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than twenty (20) days prior to the date of the Settlement Hearing to the address designated in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Aspen Technology, Inc. Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also requested to state: their telephone number and date(s), price(s), and number(s) of shares of all purchases and sales of AspenTech common stock during the Class Period. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. To be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Securities Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim must be submitted to the Claims Administrator, at the post office box set forth in the Settlement Notice, and be postmarked not later than APRIL 6TH 2006, or such later deadline as may be set by further Order of the Court. A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.

(b) Each Proof of Claim must: (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding subparagraph; (ii) be accompanied by adequate supporting documentation for the transactions reported therein, in the form of brokerage confirmation slips, account statements, an authorized statement from the broker containing the transactional information found in a brokerage confirmation slip, or such other documentation as is deemed adequate by Lead Plaintiffs' Lead Counsel; (iii) include, if the person executing the Proof of Claim is acting in a representative capacity, a certification of the representative's current authority to act on behalf of the Class Member on whose behalf the representative is acting; and (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall

(subject to effectuation of the Settlement) release all Released Claims as provided in the Securities Stipulation.

13. Any member of the Class may enter an appearance in the Securities Action, at their own expense, individually or through counsel of their choice. If a member of the Class does not enter an appearance, he, she or it will be represented by Lead Plaintiffs' Lead Counsel.

14. Any member of the Class may appear and show cause if he, she or it has any reason why: (a) the proposed Settlement of the Securities Action should not be approved as fair, reasonable and adequate; (b) the Plan of Allocation should not be approved; or (c) the requested attorneys' fees and reimbursement of expenses should not be awarded to Plaintiffs' Counsel; provided, however, that no member of the Class, or any other person, shall be heard on any such matters, unless, on or before fifteen (15) days prior to the date of the Settlement Hearing, written objections are filed with the Clerk of the Court, United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, and mailed to the following counsel:

> To Plaintiffs: Samuel H. Rudman
> Lerach Coughlin Stoia Geller Rudman & Robbins LLP
> 200 Broadhollow Road, Suite 406
> Melville, NY 11747
>
> To Defendants: Thomas J. Dougherty
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Beacon Street
> Boston, MA 02108

15. All proceedings in the Securities Action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the Securities Stipulation. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all members of the Class, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Party.

16. The Court approves passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Securities Stipulation. All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis and shall remain subject to the jurisdiction of the Court until the time such funds are distributed or returned in accordance with the terms of the Securities Stipulation or further orders of the Court. As provided in the Securities Stipulation, Lead Plaintiffs' Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court. In the event that the Court does not approve the proposed Settlement or the Settlement otherwise fails to become effective, the obligations (if any) of Lead Plaintiffs and their counsel to repay Defendants or their insurers amounts theretofore paid from the Settlement Fund shall be governed by the terms of the Securities Stipulation.

17. Defendants and the other Released Parties shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Plaintiffs' Lead Counsel, and the Court

will consider such matters separately from the fairness, reasonableness and adequacy of the proposed Settlement.

18. If the Settlement is terminated or otherwise fails to become effective in accordance with the terms of the Securities Stipulation, the Securities Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and none of them thereafter may be introduced as evidence or referred to in any actions or proceedings by any person or entity, and the parties to the Securities Action shall be restored to their respective litigation positions as they existed prior to the execution of the Securities Stipulation.

19. The Court retains exclusive jurisdiction over the Securities Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this 12 day of DEC, 2005.

_____
U.S.D.J.