UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re ASPEN TECHNOLOGY, INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. 04-cv-12375-RCL<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) | ORDER AND FINAL JUDGMENT |

This matter came before the Court for hearing pursuant to an Order dated December 12, 2005 (the "Preliminary Approval Order"), on the application of the parties for approval of the settlement provided for in the Stipulation and Agreement of Compromise, Settlement and Release of Securities Action dated November 16, 2005, (the "Securities Stipulation"); and

Due and adequate notice having been given to members of the Class (as defined below), as required in the Preliminary Approval Order, and following such notice, a hearing having been held before this Court on March 6, 2006 (the "Settlement Hearing") to determine the matters contemplated herein; and the Court having considered all papers and filings had herein and otherwise being fully informed of the premises and good cause appearing therefore; and all capitalized terms herein having the same meanings defined in the Securities Stipulation and the Preliminary Approval Order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Securities Action, Lead Plaintiffs, all members of the Class and Defendants.

2. For the reasons set forth in the Court's Order dated December 12, 2005, the Court finds that the prerequisites for class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of members of the Class are so numerous that joinder of all members in the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies this action as a class action on behalf of a plaintiff class (the "Class") consisting of all persons or entities who purchased the common stock of Aspen Technology, Inc. ("AspenTech") between October 29, 1999 and March 15, 2005, inclusive, and who were allegedly damaged thereby. Excluded from the Class are the Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest. Also excluded from the Class are the persons and/or entities who excluded themselves from the Class by filing a request for exclusion in response to the Settlement Notice, as listed on Attachment 1 annexed hereto.

4. The Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees, and Settlement Fairness Hearing, which was previously approved by the Court, was given to all members of the Class who could be identified with reasonable effort. The Court finds that the form of notice specified in the Court's Preliminary Approval Order has been given. The form and method of notice as so provided constituted the best notice practicable under the circumstances, satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended, and due process, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the settlement set forth in the Securities Stipulation (the "Settlement") and finds that the Settlement is, in all respects, fair, reasonable and adequate to members of the Class. The parties are authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Securities Stipulation.

6. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Securities Action with prejudice and without costs (except as otherwise provided in the Securities Stipulation) as to any and all Released Claims, including Unknown Claims, that were or could have been asserted in the Securities Action by or on behalf of Lead Plaintiffs and the Class Members.

7. All Class Members and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting all direct, indirect, individual, representative or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown (including Unknown Claims), and whether arising under federal, state, local, statutory, common or any other law, rule, or regulation, against any of the Released Parties, which have been, or could have been, asserted in the Securities Action or in any court or forum by the Class Members or any of them individually (or any of their heirs, executors, successors or assigns, in their capacities as such, or any person or entity whom the Class Member represents as the purchaser of AspenTech common stock), based upon, relating to or arising from the acts, facts, matters or occurrences, errors, representations or omissions, transactions and circumstances that were alleged in the Complaint and which relate to or arise in any way, directly or indirectly, from any transactions relating to AspenTech common stock during the Class Period (the "Released Claims"). The "Released Parties" are any of the Defendants, collectively or individually, and any of the families, heirs, executors, trustees, representatives, estates or administrators, agents, attorneys, counselors, insurers, financial or investment advisors of any of the Individual Defendants; and the affiliates, partners, subsidiaries, predecessors, successors or assigns, past or present officers, directors, associates, controlling persons, representatives, employees, attorneys, counselors, insurers, financial or investment advisors, dealer managers, consultants, accountants, investment bankers, commercial

bankers, engineers, advisors or agents of AspenTech. The Release Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.  Upon the Effective Date, Lead Plaintiffs and all Class Members shall be deemed to have covenanted not to sue any of the Released Parties in any individual, class or other representative capacity with respect to any Released Claim.

9.  The Defendants, the successors and assigns of any of them, and, to the extent of their authority to act on behalf of the Released Parties, the Released Parties, are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, whether known or unknown (including Unknown Claims), and whether arising under federal, state, or any other law, which have been, or could have been, asserted in the Securities Action or in any court or forum, by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Securities Action (except for claims to enforce the Securities Stipulation or the Settlement) (the "Defendants' Claims"). The Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. This Order and Final Judgment, the Securities Stipulation and its exhibits, the terms and provisions thereof, and any of the negotiations or proceedings connected with them, and any of the documents or statements referred to therein shall not be:

(a)  offered or received against any of the Defendants or other Released Parties as evidence of or a presumption, concession, or admission by any Defendant or other Released Party of the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or

could have been asserted in the Securities Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Securities Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of any of the Defendants or other Released Parties;

   (b) offered or received against any of the Defendants or other Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or Released Party;

   (c) offered or received against any of the Defendants or other Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Securities Stipulation; provided, however, that the Defendants and the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

   (d) construed against the Defendants or other Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial in the Securities Action; or

   (e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.     The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.

12.     The Court finds that all parties and counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     Plaintiffs' Counsel are hereby awarded ___% of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which amounts shall be paid to Lead Plaintiffs' Lead Counsel from the Settlement Fund pursuant to the terms of the Securities Stipulation with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in the Securities Action in a fashion which, in the opinion of Lead Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Securities Action.

14.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a fund of $5.6 million in cash (which is already on deposit), plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Lead Plaintiffs' Lead Counsel;

(b)     37,093 copies of the Settlement Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees from the Settlement Fund in an amount of up to twenty-five percent (25%) of the Settlement Fund and for reimbursement of their expenses in the approximate amount of $150,000, and no objections were filed against the

terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

      (c)    Lead Plaintiffs' Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

      (d)    The Securities Action involves complex factual and legal issues and was actively investigated and prosecuted and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

      (e)    Had Lead Plaintiffs' Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants; and

      (f)    The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

15.    Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction over (a) implementation of the Settlement and any award or distribution from the Settlement Fund; (b) disposition of the Settlement Fund; (c) any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class; and (d) over the parties and Class Members for all matter relating to this Securities Action, including the administration, interpretation, effectuation or enforcement of the Securities Stipulation and this Order and Final Judgment.

16.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Securities Stipulation.

- 8 -

17.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this _____ day of _____, 2006.

_____
U.S.D.J.

S:\Settlement\Aspen.set\ORDER_FINAL JUDGMT 00028488.doc

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify the foregoing document or paper has been mailed via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                      s/ THOMAS G. SHAPIRO
                                                      THOMAS G. SHAPIRO

SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: 617/439-3939
617/439-0134 (fax)
E-mail: tshapiro@shulaw.com

# Mailing Information for a Case 1:04-cv-12375-JLT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kevin B. Currid**
  kcurrid@foleyhoag.com

- **Thomas J. Dougherty**
  dougherty@skadden.com tholden@skadden.com

- **John A.D. Gilmore**
  john.gilmore@dlapiper.com

- **Theodore M. Hess-Mahan**
  ted@shulaw.com

- **David Pastor**
  dpastor@gilmanpastor.com rdambrosio@gilmanpastor.com

- **Thomas G. Shapiro**
  tshapiro@shulaw.com sgeresy@shulaw.com

- **Nicholas C. Theodorou**
  ntheodor@foleyhoag.com

- **Brandon F. White**
  bfwhite@foleyhoag.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mario Alba, Jr
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow Road
Suite 406
Melville, NY 11747

Ellen Gusikoff Stewart
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Richard Maniskas
Schiffrin & Barroway
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004

David A. Rosenfeld
Cauley, Geller, Bowman, Coates & Rudman, LLP
```

200 Broadhollow Rd.
Suite 406
Melville, NY 11747

**Samuel H. Rudman**
Cauley, Geller, Bowman, Coates & Rudman, LLP
200 Broadhollow Rd.
Suite 406
Melville, NY 11747

**Marc A. Topaz**
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004

John J. Falvey, Jr.
Testa, Hurwitz & Thibeault, LLP
High Street Tower, 125 High Street
Boston, MA 02110