# APPENDIX A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEROME DECKLER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IONICS, INC., et al.,<br><br>Defendants. | No. 03-CV-10393-WGY<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES |

THIS MATTER having come before the Court on the application of Lead Plaintiff's counsel for an award of attorneys' fees and reimbursement of expenses incurred in the Litigation; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this Litigation with the defendants to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

2. The Court hereby awards attorneys' fees of thirty percent (30%) of the settlement proceeds of $3,000,000 and reimbursement of expenses in an aggregate amount of $91,544.94. Said fees and expenses shall be allocated among plaintiff's counsel by Plaintiff's Settlement Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees

awarded is fair and reasonable under the "percentage-of-recovery" method. The awarded attorneys' fees and expenses shall be paid to Plaintiff's Settlement Counsel from the settlement proceeds, subject to the terms, conditions, and obligations of the Stipulation of Settlement dated as of December 8, 2004.

IT IS SO ORDERED.

DATED: 4-4-05

THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

S:\Settlement\Jonics.set\ORD00019534.doc

# APPENDIX B

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
------------------------------------x
                                    :
DANIEL HWANG, et al.,               :
                                    :
            Plaintiffs,             :
                                    :
     v.                             :    Consolidated No.
                                    :    B 89-450 (TFGD)
SMITH CORONA CORPORATION, et al.,   :
                                    :
            Defendants.             :
                                    :
------------------------------------x
```

### FINAL ORDER AND JUDGMENT

This action (the "Litigation") consists of several consolidated class actions brought by plaintiffs David J. Steinberg and Charlie B. Steinberg; Eleanor Halperin; Jeffrey C. Starr; Louis L. Berg, trustee; William R. Solvibile; Pat G. Overkleeft; Norman Salsitz; Nelson S. Chase; R&D Company, Inc.; Norman Cooper; William Kovari and Elizabeth Kovari; Lee Kivel and Jane R. Kivel; Howard Kichler; Stephen Pittelman; Joseph K. Phillips; Peter Longo, M.D.; Stanford R. Joseph; Robert A. Donatelli, Anne Brayman; and Daniel Hwang and Helen Hwang, individually and as representatives of a class (the "Class") previously certified by this Court (collectively, "Plaintiffs") against defendants Smith Corona Corporation, H.M. Holdings Inc., Hanson PLC, G. Lee Thompson, David H. Clarke, John G.



Raos, Herbert H. Egli, George H. Hempstead, III, Craig C. Sergeant, Robert Van Buren, Francis P. Lucier, Richard R. West, Shearson Lehman Hutton Inc. ("Shearson") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"). Defendants Shearson and Merrill Lynch were sued both individually and as representatives of a defendant class of underwriters. Such defendants and the defendant class are collectively referred to as "Defendants".

Pursuant to a Stipulation of Settlement (the "Stipulation") dated as of December 31, 1991, Plaintiffs, acting on behalf of themselves and the Class, have entered into a Settlement with the Defendants and have applied to this Court for approval of the Settlement and the terms of the Stipulation pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

On January 15, 1992, an Order With Respect to Notice, Settlement Hearing and Administration was entered by this Court directing that notice be given to the Class of the proposed Settlement and of a hearing to determine whether the proposed Stipulation and Settlement should be approved as fair, adequate and reasonable, to fix fees, costs and expense reimbursements of plaintiffs' counsel and to hear any objections to any of these matters. Such a hearing was held, as noticed, on March 12, 1992. Prior to the hearing, proof of notice, as directed in said Order,

-2-

was presented and filed. Members of the Class were given the opportunity to file Requests for Exclusion from the Class on or before February 27, 1992. Members of the Class were also notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement, award of fees, reimbursement of expenses and the other matters before the Court.

The Court having heard Plaintiffs' Lead Counsel on behalf of Plaintiffs and the Class, and counsel on behalf of the Defendants, and having reviewed all of the submissions presented with respect to the proposed Settlement, and the Court having determined that the Settlement is fair, adequate and reasonable, and having considered the petition of Plaintiffs' counsel for the award of fees, costs and expenses reimbursement and the affidavits and exhibits submitted in support thereof, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been given in an adequate and sufficient manner, constituting the best notice practicable, complying in all respects with such Rule and due process, including, but not limited to, the forms of notice and the methods of identifying and giving notice to the members of the Class.

2. The members of the Class consist of all persons who purchased, whether in the United States or otherwise, Smith Corona Corporation common stock during the period from July 28, 1989 through the close of business on August 11, 1989 (the "Class Period"), excluding the named defendants, members of the immediate family of each of the individual defendants, and any subsidiary, parent or other affiliate of each of the non-individual defendants. Excluded from the Class are any persons who timely filed a request to be excluded from the Class, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure.

3. The proposed Settlement (as provided for by the Stipulation) is in all respects fair, reasonable, adequate and proper, and in the best interests of the Class.

4. Plaintiffs and Defendants shall consummate the Settlement in accordance with the Stipulation, which is approved in all respects and all terms of which are hereby incorporated by reference.

5. The Settlement shall not be deemed to constitute an admission of liability or wrongdoing on the part of any of the Defendants.

6. Plaintiffs, each and every Class member, and their heirs, assigns, executors and successors in interest (other than any persons who have timely requested exclusion

from the Class) are permanently barred and enjoined from asserting against Defendants or any of them (or any of the other Released Parties identified in paragraph 9 of the Stipulation) any and all manner of claims, actions, suits or causes of action whatsoever (whether class, individual or otherwise in nature), which have been asserted or which, based upon the facts, circumstances and claims alleged, could have been asserted against any of the Released Parties in connection with, arising out of, or in any way related to, any acts, failures to act, omissions, representations or misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced or otherwise referred to in the Consolidated Amended Class Action Complaint, including (without limitation) all claims for violations of federal, state, common or other law relating in any manner to the purchases by the Class during the Class Period of Smith Corona Corporation common stock.

7.  Plaintiffs, each and every Class member, and their heirs, assigns, executors and successors in interest (other than any persons who have timely requested exclusion from the Class) are permanently barred and enjoined from prosecuting any action in any jurisdiction against Defendants or any of the Released Parties based on any

claims or causes of action arising out of or relating to the Settlement of the Litigation.

8. This Litigation is dismissed with prejudice and on the merits and without award of court costs, and all Released Claims, as defined in paragraph 10 of the Stipulation, are hereby extinguished against all Released Parties identified in paragraph 9 of the Stipulation.

9. Plaintiffs' counsel are hereby awarded attorneys' fees in the amount of $ 8,183,000.00 and reimbursement of expenses of $ 408,153.25 , to be apportioned by Plaintiffs' Lead Counsel as they deem appropriate, such amounts to be paid from the Settlement Fund within three business days after the Settlement Effective Date, together with accrued interest on such amounts. Plaintiffs' counsel may seek additional fees and reimbursement of expenses, to be paid from the Settlement Fund, for services rendered from the date hereof in connection with any defense of the Settlement and the claims administration process.

10. Without affecting the finality of this judgment, jurisdiction is hereby retained as to all matters related to administration and consummation of the Settlement hereby approved.

Dated: Bridgeport, Connecticut
       MARCH 12, 1992

                                       _____ (TFGD)
                                       United States District Judge

Judgment Entered this ____
day of _____, 1992

_____
             Clerk

# APPENDIX C

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
JAN 14 2005
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| IN RE NORTHWESTERN CORPORATION SECURITIES LITIGATION | * * * * * * * * | CIV 03-4049<br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Lead Plaintiffs' Motion for Attorneys' Fees and Expenses, Doc. 392. A hearing was held on the motion on December 13, 2004. During the hearing, the Court requested additional documentation from Derivative Counsel in the related case, *In re: Northwestern Derivative Litigation*, CIV 03-4091 (D.S.D.), regarding the requested award of $810,000 for Derivative Counsel. Having received the requested information, the Court will rule on the pending motion in this case and will enter a separate order in the derivative litigation regarding settlement and attorneys' fees of the derivative action.

The Court has the discretion to use either the lodestar method or the percentage of the benefit method in determining the proper amount of attorney fees to approve. *See Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996). The Eighth Circuit indicated that the percentage of the benefit method is preferred in common fund situations. *See id.* (citing *Court Awarded Attorney Fees*, Report of the Third Circuit Task Force (Arthur R. Miller, Reporter), 108 F.R.D. 237 (October 8, 1995)). The Supreme Court indicated that the percentage-of-recovery method was appropriate for common fund cases:

> *Unlike the calculation of attorney's fees under the "common fund doctrine," where a reasonable fee is based on a percentage of the fund bestowed on the class, a reasonable fee under § 1988 reflects the amount of attorney time reasonably expended on the litigation.*

*Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984) (emphasis added). The Court finds that the

percentage of the benefit method is the proper method for awarding attorneys fees in this common fund case.

The Eighth Circuit has approved the percentage-of-recovery method to evaluate a request for attorney fees in common-fund settlement cases. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999); *In re US Bancorp Litigation*, 291 F.3d 1035, 1038 (8th Cir. 2002). The percentage awarded in common-fund settlement cases varies. An award of 36 percent of the settlement fund was approved by the Eighth Circuit in *In re US Bancorp Litig.*, 291 F.3d at 1038. An award of 24 percent of the monetary compensation to the class was approved in *Petrovic*, 200 F.3d at 1157. In another securities fraud class action, this Court approved a percentage award of 28 percent of the settlement amount ($8 million), which included expenses of approximately $207,000.00. *See In re IBP, Inc. Securities Litig.*, 328 F.Supp.2d 1056, 1067 (D.S.D. 2004).

The request in this case indicates the Lead Plaintiff and Lead Counsel agreed upon an award of 23.7 percent of the cash fund ($40,190,000) and 27 percent of any monies obtained for the Settlement Class on the $20 million liquidated claim in the Expanets bankruptcy proceeding, excluding expenses. Having reviewed the above cases and evaluated the request for fees, the Court concludes that 23.7 percent of the cash fund, which equals $9,525,030, and 27 percent of the amount recovered on the liquidated claim, are the proper percentages of the settlement fund and the liquidated claim to award in this case. This case did not involve discovery because the parties settled this action while the motions to dismiss were pending before the Court. The Court finds that Plaintiffs' counsel competently and vigorously represented the class and proceeded expeditiously to reach a resolution of this action in light of the decreasing amount of funds readily available to pay a settlement to the class members.

In addition to the above award, Class Counsel seek an award of $1,000,337.81 for expenses. The Court will not award one portion of the requested expenses: $252,703.50 for paralegals. In support of the request to recover expenses for paralegals, counsel cites a case that involved an award of attorney's fees based upon the lodestar method. *See Matter of Continental Illinois Sec. Litig.*, 962

2

F.2d 566, 569-70 (7th Cir. 1992). The Court concurs that it is appropriate to compensate counsel for paralegal fees when counsel is being compensated under the lodestar method. It is not, however, proper to separately compensate counsel for paralegal fees when counsel is being compensated on a contingency fee basis. The theory behind compensating attorneys billing on a hourly basis for paralegal fees, i.e., less cost to the client, is not applicable when attorneys are compensated on a contingency basis. Rather than being less costly to have a paralegal do the work, it will cost the client more money to have a paralegal do the work if the paralegal fees can be recovered as an "expense" above and beyond the contingency fee. Thus, the request for expenses will be reduced by $252,703.50. The total award for expenses will be $747,634.31.

An additional requested expense is an award to one of the representative Plaintiffs, Alan G. Stevens, in the amount of $5,310. The Court has the authority to award "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of the class." *See* 15 U.S.C. § 78u-4(a)(4). The Court finds Mr. Stevens' costs and expenses are reasonable and they directly relate to his representation of the class and the requested amount will be awarded for Mr. Stevens' expense. Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Motion for Attorney Fees, Doc. 392, is granted in part and denied in part. The Court will award attorneys' fees in the amount of $9,525,030 (23.7 percent of the $40,190,000 cash fund), plus 27 percent of any funds recovered on the Expanets Liquidated Claim, and expenses in the amount of $747,634.31, which excludes paralegal expenses, together with interest for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees and expenses shall be allocated among Plaintiffs' counsel in a manner which, in Co-Lead Counsels' good-faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of this litigation. The awarded attorneys' fees, and interest earned thereon, shall be paid to Co-Lead Counsel from the Settlement Fund, subject to the terms, conditions and obligations of the Stipulation of Settlement and in particular ¶ 6.2 thereof, which terms, conditions and obligations are incorporated herein.

2. That pursuant to 15 U.S.C. § 78u-4(a)(4), representative plaintiff Alan G. Stevens is awarded the amount of $5,310.00 for reimbursement of his time and expenses incurred in representing the Settlement Class.

Dated this 13th day of January, 2005.

BY THE COURT:

_____
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)        DEPUTY

4