Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re ASPEN TECHNOLOGY, INC.    :        Civil Action
SECURITIES LITIGATION           :        No. 04-12375-JLT
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND
SETTLEMENT FAIRNESS HEARING**

TO:    **ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF ASPEN TECHNOLOGY,
INC. ("ASPENTECH") BETWEEN OCTOBER 29, 1999 AND MARCH 15, 2005, INCLUSIVE (THE
"CLASS PERIOD"), AND WHO WERE ALLEGEDLY DAMAGED THEREBY (THE "CLASS")**

**PLEASE READ THIS NOTICE CAREFULLY. IT RELATES TO THE PROPOSED SETTLEMENT OF THIS
CLASS ACTION LAWSUIT. IF YOU ARE A MEMBER OF THE CLASS, THIS NOTICE INCLUDES
IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. A MEMBER OF THE CLASS WHO DOES
NOT SUBMIT A TIMELY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT WILL BE BOUND BY
THE SETTLEMENT WHETHER OR NOT HE OR SHE SUBMITS A CLAIM FOR RECOVERY.**

**CLAIM DEADLINE: IN ORDER TO SHARE IN THE SETTLEMENT, MEMBERS OF THE CLASS MUST
SUBMIT A PROOF OF CLAIM ON THE FORM ACCOMPANYING THIS NOTICE NO LATER THAN APRIL
6, 2006.**

**BANKS, BROKERAGE FIRMS AND NOMINEES:  IF YOU HELD ASPENTECH COMMON STOCK ON
BEHALF OF BENEFICIAL OWNERS, YOU ARE REQUESTED TO FORWARD COPIES OF THIS NOTICE
AND THE PROOF OF CLAIM TO SUCH BENEFICIAL OWNERS OR PROVIDE THE CLAIMS
ADMINISTRATOR WITH MAILING INFORMATION, AS DESCRIBED ON PAGE 8 BELOW.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The settlement will provide a $5,600,000 cash settlement fund for the benefit of investors who
  purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive,
  and who were allegedly damaged thereby.

- The settlement resolves a lawsuit on behalf of the Class over whether the Defendants misled investors
  during the Class Period about AspenTech's financial condition and business prospects.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options - and the deadlines to exercise them - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be
  made if the Court approves the settlement and after appeals are resolved.  Please be patient.

**SUMMARY NOTICE**

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $5,600,000 in cash, plus interest, will
be established.  Lead Plaintiffs estimate that there were millions of shares of AspenTech common stock traded
during the Class Period.  Lead Plaintiffs' estimate of the average recovery per damaged share[1] of AspenTech
common stock under the settlement, before deduction of Court-awarded attorneys' fees and expenses, is
approximately $0.17.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined
by his, her or its Recognized Claim as compared to the total Recognized Claims of all Class Members who submit

---

[1]    An allegedly damaged share might have been traded more than once during the Class Period, and the
       indicated average recovery would be the total for all purchasers of that share.

# EXHIBIT A

Member purchased AspenTech common stock, and whether the common stock was held at the end of the Class Period or sold during the Class Period, and if sold, when they were sold, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation on page 4 for more information on your Recognized Claim.

## Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to have prevailed on each claim alleged. AspenTech and the other Defendants deny that they misled investors or that they are liable in any respect to the Lead Plaintiffs and the Class and deny that Lead Plaintiffs or the Class have suffered any damages.

## Statement of Attorneys' Fees and Costs Sought

Lead Plaintiffs' Lead Counsel will move the Court to award attorneys' fees in an amount of up to twenty-five percent (25%) of the Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Securities Action in the approximate amount of $150,000. The requested fees and expenses would amount to an average of $0.05 per damaged share in total for fees and expenses. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

## Further Information

Further information regarding the Securities Action and this notice may be obtained by contacting Lead Plaintiffs' Lead Counsel:

> Samuel H. Rudman
> Lerach Coughlin Stoia Geller Rudman & Robbins LLP
> 58 South Service Road, Suite 200
> Melville, NY 11747
> (631) 367-7100

DO NOT CONTACT THE COURT TO ANSWER QUESTIONS YOU MIGHT HAVE.

## Reasons for the Settlement

Lead Plaintiffs believe that the principal reason for the settlement is the significant benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

Defendants deny that they misled investors during the Class Period and have entered into the settlement solely in order to eliminate the burden and expense of further litigation and in recognition of the risk of an adverse outcome that is inherent in any complex litigation.

### BASIC INFORMATION

1.    Why did I get this notice package?

You or someone in your family may have purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive, and suffered damages thereby.

The Court directed that this notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts and the case is known as In re Aspen Technology, Inc. Securities Litigation, Civil Action No. 04-12375-JLT. The plaintiffs who sued are called the Lead Plaintiffs, and the company and individuals they sued, AspenTech, Lawrence B. Evans, Charles F. Kane, David L. McQuillin and Lisa Zappala, are called the Defendants.

2.     **What is this lawsuit about?**

This lawsuit alleges that AspenTech and certain of its officers and directors violated federal securities laws by making materially false and/or misleading statements and/or omissions regarding AspenTech's financial condition for fiscal years 2000 through 2004, and that members of the Class purchased the common stock of AspenTech at prices that were artificially inflated due to Defendants' alleged materially false and/or misleading statements. AspenTech and all other Defendants deny any wrongdoing, fault, liability or damage to the members of the Class, deny that they engaged in any wrongdoing, deny that they committed any violation of law or breach of duty, deny that they acted improperly in any way, and believe that they acted properly at all times.

3.     **Why is this a class action?**

In a class action, one or more people called class representatives (in this case the City of Roseville Employees' Retirement System and Operating Engineers Construction Industry and Miscellaneous Pension Fund (Local 66)) sue on behalf of people who have similar claims. All these people are a Class or Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

On December 12, 2005, for the purposes of settlement only, the Court certified this lawsuit as a class action on behalf of all persons who purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive.

Excluded from the Class are the Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest.

4.     **Why is there a settlement?**

Based upon their investigation, Lead Plaintiffs and Lead Plaintiffs' Lead Counsel have concluded that the terms and conditions of the Stipulation and Agreement of Compromise, Settlement and Release of Securities Action dated November 16, 2005 (the "Securities Stipulation") are fair, reasonable and adequate to Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Securities Action pursuant to the terms and provisions of the Securities Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the members of the Class will receive from settlement of the Securities Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the settlement to be consummated as provided under the terms of the Securities Stipulation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

5.     **How do I know if I am part of the settlement?**

The Court decided that everyone who fits the following description is a Class Member: All persons who purchased the common stock of Aspen Technology, Inc. between October 29, 1999 and March 15, 2005, inclusive.

6.     **Are there exceptions to being included?**

Excluded from the Class are the Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest.

If one of your mutual funds purchased AspenTech common stock during the Class Period, that fact alone does not make you a Class Member. You are a Class Member only if you **directly** purchased AspenTech common stock during the Class Period. Contact your broker to see if you purchased AspenTech common stock during the Class Period.

If you **sold** AspenTech common stock during the Class Period, that fact alone does not make you a Class Member. You are a Class Member only if you **purchased** your AspenTech common stock during the Class Period.

7.     **What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help. You can call (415) 461-0410 or visit www.gilardi.com for more information. Or you can fill out and return the Proof of Claim form described below, in response to question 10, to see if you qualify.

8.     What does the settlement provide?

In exchange for the settlement and dismissal of the Securities Action, Defendants have agreed to contribute $5,600,000 in cash (the "Securities Settlement Amount") to a settlement fund that will be divided, after deducting fees and expenses of notice and administration and any Court-awarded attorneys' fees and expenses, among all Class Members who send in a valid Proof of Claim form.

9.     How much will my payment be?

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of AspenTech common stock you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Claim. It is unlikely that you will get a payment for all of your Recognized Claims. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a fraction of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims.

## PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AMONG CLASS MEMBERS

1.     For shares of Aspen Technology common stock purchased from October 29, 1999 through October 28, 2004, and

     (a)   sold prior to October 29, 2004, the claim per share is $0.

     (b)   sold between October 29, 2004 and November 18, 2004, the claim per share is the lesser of (i) the purchase price less $5.196 (90-day average closing price), or (ii) $0.670 per share (10/29/04 price decline).

     (c)   sold between November 19, 2004 through March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90-day average closing price), or (ii) $1.120 per share (10/29/04 & 11/19/04 price declines).

     (d)   retained at the end of March 15, 2005 the claim per share is the lesser of (i) the purchase price less $5.196 (90-day average closing price), or (ii) $1.530 per share (10/29/04, 11/19/04 & 3/16/05 price declines).

2.     For shares of Aspen Technology common stock purchased from October 29, 2004 through November 18, 2004, and

     (a)   sold prior to November 19, 2004 the claim per share is $0.

     (b)   sold between November 19, 2004 through March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90-day average closing price), or (ii) $0.450 per share (11/19/04 price decline).

     (c)   retained at the end of March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90-day average closing price), or (II) $0.860 per share (11/19/04 & 3/16/05 price declines).

3.     For shares of Aspen Technology common stock purchased from November 19, 2004 through March 15, 2005, and

     (a)   sold prior to March 16, 2005 the claim per share is $0.

     (b)   retained at the end of March 15, 2005, the claim per share is the lesser of (i) the purchase price less $5.196 (90-day average closing price), or (ii) $0.410 per share (3/16/05 price decline).

     The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

     For Class Members who made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, against shares purchased during the Class Period.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

10.     How can I get a payment?

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is being circulated with this notice. You may also get a Proof of Claim form on the Internet at www.gilardi.com. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than April 6, 2006.

11.     When would I get my payment?

The Court will hold a hearing on March 6, 2006, to decide whether to approve the settlement. If the Court approves the settlement after that hearing, there may be appeals. It is always uncertain whether or when any such appeals, if any, might be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

Upon the Effective Date, you and all other Class Members will release all "Released Claims," including "Unknown Claims" against the "Released Parties" (all as defined below). In addition, the Order and Final Judgment shall provide that Lead Plaintiffs and members of the Class shall, upon the Effective Date, be deemed to have covenanted not to sue any of the Released Parties in any individual, class or other representative capacity with respect to any Released Claim.

"Released Claims" means all direct, indirect, individual, representative or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown (including Unknown Claims (as defined below)), and whether arising under federal, state, local, statutory, common or any other law, rule, or regulation, against any of the Released Parties, which have been, or could have been, asserted in the Securities Action or in any court or forum by the Class Members or any of them individually (or any of their heirs, executors, successors or assigns, in their capacities as such, or any person or entity whom the Class Member represents as the purchaser of AspenTech common stock), based upon, relating to or arising from the acts, facts, matters or occurrences, errors, representations or omissions, transactions and circumstances that were alleged in the Complaint and which relate to or arise in any way, directly or indirectly, from any transactions relating to AspenTech common stock during the Class Period.

"Unknown Claims" means any and all Released Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which (in either case) if known by him, her or it might have affected his, her or its decision(s) with respect to the settlement. With respect to any and all Released Claims and Defendants' Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment in the Securities Action shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Claims was separately bargained for and was a necessary and key element of the settlement.

"Released Parties" means any of the Defendants, collectively or individually, and any of the families, heirs, executors, trustees, representatives, estates or administrators, agents, attorneys, counselors, insurers, financial or investment advisors of any of the Individual Defendants; and the affiliates, partners, subsidiaries, predecessors, successors or assigns, past or present officers, directors, associates, controlling persons, representatives, employees, attorneys, counselors, insurers, financial or investment advisors, dealer managers, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents of AspenTech.

The "Effective Date" will occur when an Order entered by the Court approving the settlement becomes final and not subject to any further appeal.

## EXCLUSION FROM THE CLASS

13.   Can I Exclude Myself From The Class and Settlement?

Class Members shall be bound by all determinations and judgments in this Securities Action, whether favorable or unfavorable, including the release provided for under the Securities Stipulation, whether or not they submit a Proof of Claim, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than February 14, 2006 to *Aspen Technology Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Aspen Technology, Inc. Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also requested to state: their telephone number and date(s), price(s), and number(s) of shares of all purchases and sales of AspenTech common stock during the Class Period. The request for exclusion shall not be

effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

## THE LAWYERS REPRESENTING YOU

14.    Do I have a lawyer in this case?

The Court ordered that Lerach Coughlin Stoia Geller Rudman & Robbins LLP, a law firm in Melville, New York, will represent you and the other Class Members. These lawyers are called Lead Plaintiffs' Lead Counsel. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

15.    How will the lawyers be paid?

Lead Plaintiffs' Lead Counsel are moving the Court to award attorneys' fees from the Settlement Fund in an amount of up to twenty-five percent (25%) of the Settlement Fund and for reimbursement of their expenses in the approximate amount of $150,000, plus interest on such expenses at the same rate as earned by the Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Securities Action. Lead Plaintiffs' Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and any proceedings subsequent to the Settlement Hearing.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

16.    How do I tell the Court that I do not like the proposed settlement?

If you are a Class Member you can object to the settlement or any of its terms, the proposed Plan of Allocation and/or the application by Lead Plaintiffs' Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement in the *In re Aspen Technology, Inc. Securities Litigation*, Civil Action No. 04-12375-JLT (D. Mass.). Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases and sales of AspenTech common stock you made during the Class Period, and state the reasons why you object to the settlement. Mail the objection to all of the following addresses postmarked no later than February 21, 2006:

**COURT**

Clerk of the Court
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

**LEAD PLAINTIFFS' LEAD COUNSEL**

Samuel H. Rudman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747

**DEFENDANTS' LEAD COUNSEL**

Thomas J. Dougherty
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

You do not need to go to the Settlement Hearing to have your written objection considered by the Court. At the Settlement Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this section and in the response to question 19 below for filing with the Court and providing to Lead Plaintiffs' Lead Counsel and Defendants' Lead Counsel a statement of an intention to appear at the Settlement Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the settlement, the Plan of Allocation or Lead Plaintiffs' Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Hearing.

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

17.     <u>When and where will the Court decide whether to approve the proposed settlement?</u>

The Court will hold a Settlement Hearing at 10:00 a.m., on March 6, 2006, at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the settlement and the application of Lead Plaintiffs' Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions shown in response to question 16.

The Court will consider any objections that are submitted within the deadline identified, and according to the procedures described, in this notice. The Court also may listen to people who have properly indicated within the deadline identified above an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. The Court may also decide how much to pay to Plaintiffs' Counsel. At or after the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing. Thus, if you want to come to the hearing, you should check with Lead Plaintiffs' Lead Counsel before coming to be sure that the date and/or time have not changed.

18.     <u>Do I have to come to the hearing?</u>

No. Lead Plaintiffs' Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection in time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.     <u>May I speak at the hearing?</u>

If you object to the settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see response to question 16 above) a statement stating that it is your intention to appear in the *In re Aspen Technology, Inc. Securities Litigation*, Civil Action No. 04-12375-JLT (D. Mass.). Persons who intend to object to the settlement, the Plan of Allocation, and/or Lead Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline identified, and in accordance with the procedures described, in the responses to questions 13 and 16, above.

**IF YOU DO NOTHING**

20.     <u>What happens if I do nothing at all?</u>

If you do nothing, you will get no money from this settlement. You must submit a Proof of Claim form in order to share in the Net Settlement Fund or submit a request for exclusion if you wish to exclude yourself from the Class and settlement.

The Order and Final Judgment approving the settlement will dismiss the Securities Action and settle all non-excluded Class Members' Released Claims as against all Released Parties. Whether or not they submit a Proof of Claim form, all non-excluded Class Members will be barred and enjoined from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against AspenTech and the other Released Parties about the Released Claims in this case, ever again.

**GETTING MORE INFORMATION**

21.     <u>Are there more details about the proposed settlement?</u>

This notice summarizes the proposed settlement. More details are in the Securities Stipulation. You can get a copy of the Securities Stipulation by writing to Samuel H. Rudman, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 58 Souoth Service Road, Suite 200, Melville, NY 11747.

You also can call the Claims Administrator at (415)461-0410; write to *Aspen Technology Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040; or visit the website at www.gilardi.com, where you will find answers to common questions about the settlement, a Proof of Claim form,

plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

22.    How do I get more information?

For even more detailed information concerning the matters involved in this Securities Action, reference is made to the pleadings, to the Securities Stipulation, to the Orders entered by the Court and to the other papers filed in the Securities Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, during regular business hours.

## SPECIAL NOTICE TO BANKS, BROKERAGE FIRMS AND OTHER NOMINEES

If you purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased AspenTech common stock during such time period or (b) request additional copies of this notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the notice and Proof of Claim form directly to the beneficial owners of those shares of AspenTech common stock.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Aspen Technology Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

DATED: December 12, 2005

By Order of the Court
United States District Court
District of Massachusetts

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :

In re ASPEN TECHNOLOGY, INC.     :    Civil Action
SECURITIES LITIGATION          :    No. 04-12375-JLT
                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PROOF OF CLAIM

DEADLINE FOR SUBMISSION: APRIL 6, 2006

IF YOU PURCHASED THE COMMON STOCK OF ASPEN TECHNOLOGY, INC. ("ASPENTECH") BETWEEN OCTOBER 29, 1999 AND MARCH 15, 2005, INCLUSIVE (THE "CLASS PERIOD") AND SUFFERED DAMAGES THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

EXCLUDED FROM THE CLASS ARE THE DEFENDANTS, ALL OF THE OFFICERS, DIRECTORS AND PARTNERS THEREOF, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY ENTITY IN WHICH ANY OF THE FOREGOING HAVE OR HAD A CONTROLLING INTEREST.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN APRIL 6, 2006 TO THE FOLLOWING ADDRESS:

*Aspen Technology Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

YOUR FAILURE TO SUBMIT YOUR CLAIM BY APRIL 6, 2006 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

1.    I purchased the common stock of AspenTech between October 29, 1999 and March 15, 2005, inclusive. (Do not submit this Proof of Claim if you did not purchase AspenTech common stock during this period.)

2.    By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Settlement Notice"), or am acting for such person; that I am not a Defendant in the Securities Action or anyone excluded from the Class; that I have read and understand the Settlement Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Settlement Notice; and that I have not previously filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.    I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim. No discovery shall be allowed on the merits of the Securities Action or Settlement in connection with processing of the Proofs of Claim.

4.    I have set forth where requested below all relevant information with respect to each purchase of AspenTech common stock during the Class Period, and each sale, if any, of such stock. I agree to furnish additional information (including transactions in other AspenTech common stock) to the Claims Administrator to support this claim if requested to do so.

# EXHIBIT B

5.    I have enclosed documentation of my transactions in AspenTech common stock such as photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents evidencing each open market purchase, sale or retention of AspenTech common stock listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.    I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.)

7.    Upon the occurrence of the Effective Date my signature hereto will constitute a full and complete release, remise and discharge by me and my heirs, executors, administrators, predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as defined in the Settlement Notice.

8.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at *Aspen Technology Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or visit their website at www.gilardi.com to obtain the required file layout.   No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*In re Aspen Technology, Inc.*
*Securities Litigation*

Civil Action No. 04-12375-JLT

**PROOF OF CLAIM AND RELEASE**

***Please Type or Print in the Boxes Below***
**Do NOT use Red Ink, Pencil, or Staples**

**Must be Postmarked
on or before
April 6, 2006**

# ASPN1

## 9. CLAIMANT IDENTIFICATION

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Beneficial Owner (If Claimant is not an Individual)

Trustee/Custodian/Nominee

Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Trust/Pension Date

/        /

Social Security Number

—      —

or

Employer Identification Number

—

Telephone Number (Work)

—      —

Telephone Number (Home)

—      —

Email Address

## MAILING INFORMATION

Address

Address

City

State

Zip Code

—

Foreign Province

Foreign Zip Code

Foreign Country Abbreviation

For Claims
Processing Only

PC        LS        BC1        DEF        LATE

3

## SCHEDULE OF TRANSACTIONS IN ASPENTECH COMMON STOCK

10. At the close of business on October 28, 1999, I owned
shares of AspenTech common stock:

Proof of Holding
Enclosed?
○ Y
○ N

11. I made the following purchases of AspenTech common stock between October 29, 1999 and March 15, 2005, inclusive.
(Persons who received AspenTech common stock during the Class Period other than by purchase on the open market are
not eligible to submit claims for those transactions.):

| PURCHASES | | | |
|---|---|---|---|
| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Aggregate Cost (including commissions, taxes, and fees) | Proof of Purchase Enclosed? |
| M M / D D / Y Y Y Y | | $ | ○ Y ○ N |
| 1. | | $ | ○ Y ○ N |
| 2. | | $ | ○ Y ○ N |
| 3. | | $ | ○ Y ○ N |
| 4. | | $ | ○ Y ○ N |
| 5. | | $ | ○ Y ○ N |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

12. I made the following sales of AspenTech common stock between October 29, 1999 and March 15, 2005, inclusive:

| SALES | | | |
|---|---|---|---|
| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Amount Received (net of commissions, taxes, and fees) | Proof of Sale Enclosed? |
| M M / D D / Y Y Y Y | | $ | ○ Y ○ N |
| 1. | | $ | ○ Y ○ N |
| 2. | | $ | ○ Y ○ N |
| 3. | | $ | ○ Y ○ N |
| 4. | | $ | ○ Y ○ N |
| 5. | | $ | ○ Y ○ N |

13. At the close of business on March 15, 2005, I owned
shares of AspenTech common stock:

Proof of Holding
Enclosed?
○ Y
○ N

*If you require additional space, attach extra schedules in the same format as above.*
*Sign and print your name on each additional page.*

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 5.  FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**SUBSTITUTE FORM W-9**

**14. Request for Taxpayer Identification Number ("TIN") and Certification**

First Name ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ I. Last Name ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

Check appropriate box:

◯ Individual/Sole Proprietor  ◯ IRA  ◯ Trust  ◯ Corporation  ◯ Partnership  ◯ Pension Plan  ◯ Other_____
(specify)

Enter TIN on the appropriate line.

– For individuals, this is your Social Security Number ("SSN")
– However, for a resident alien, sole proprietor, or disregarded entity, see Part 1 of the enclosed W-9 instructions.
– For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").
– For other entities, it is your EIN.

Social Security Number     Employer Identification Number
⬚⬚⬚ — ⬚⬚ — ⬚⬚⬚⬚   or   ⬚⬚ — ⬚⬚⬚⬚⬚⬚⬚

### For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

### 15. Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

(1)   The number shown on this form is my correct TIN; and

(2)   I (We) certify that I am (we are) NOT subject to backup withholding under provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out item 2 above.

*SEE ENCLOSED FORM W-9 INSTRUCTIONS*

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this _____ day of _____ in _____ .
(Month/Year)                                  (City/State/Country)

_____          _____
(Sign your name here)                                   (Sign your name here)

_____          _____
(Type or print your name here)                         (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.,*                (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser, Executor or Administrator)       Beneficial Purchaser, Executor or Administrator)
Proof of Authority to File Enclosed?   ◯ Y  ◯ N        Proof of Authority to File Enclosed?   ◯ Y  ◯ N
(Not necessary if you are filing on your own behalf)   (Not necessary if you are filing on your own behalf)
(*See No. 2.*)                                          (*See No. 2.*)

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN
APRIL 6, 2006, AND MUST BE MAILED TO:

*Aspen Technology Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by April 6, 2006, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST
**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

### NOTE: RECEIPT ACKNOWLEDGMENT NEEDED

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form for your records.

5. If you desire an acknowledgement of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.

**Form W-9 Instructions** (Revised Jan-2003)

## PURPOSE OF FORM

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

**Note:** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

**Foreign person.** If you are a foreign person, use the appropriate Form W-8 (see **Pub. 515,** Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the recipient has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

**Example.** Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a **nonresident alien or a foreign entity** not subject to backup withholding, give the requester the appropriate completed Form W-8.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 30% of such payments (29% after December 31, 2003; 28% after December 31, 2005). This is called "backup withholding." Payments that may be subject to backup withholding include interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will **not** be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester, or

2. You do not certify your TIN when required (see the Part II instructions on page 4 for details), or

3. The IRS tells the requester that you furnished an incorrect TIN, or

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions below and the separate **Instructions for the Requester of Form W-9.**

## PENALTIES

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of Federal law, the requester may be subject to civil and criminal penalties.

## SPECIFIC INSTRUCTIONS

### NAME

If you are an individual, you must generally enter the name shown on your social security card. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your **individual** name as shown on your social security card on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name" line.

**Limited liability company (LLC).** If you are a single-member LLC (including a foreign LLC with a domestic owner) that is disregarded as an entity separate from its owner under Treasury regulations section 301.7701-3, **enter the owner's name on the "Name" line.** Enter the LLC's name on the "Business name" line.

**Other entities.** Enter your business name as shown on required Federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name" line.

**Note:** *You are requested to check the appropriate box for your status (individual/sole proprietor, corporation, etc.).*

### EXEMPT FROM BACKUP WITHHOLDING

If you are exempt, enter your name as described above and check the appropriate box for your status, then check the "Exempt from backup withholding" box in the line following the business name, sign and date the form.

Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends.

**Note:** *If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.*

**Exempt payees.** Backup withholding is **not** required on any payments made to the following payees:

1. An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2);

2. The United States or any of its agencies or instrumentalities;

3. A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities;

4. A foreign government or any of its political subdivisions, agencies, or instrumentalities; or

5. An international organization or any of its agencies or instrumentalities.

Other payees that **may be** exempt from backup withholding include:

6. A corporation;

7. A foreign central bank of issue;

8. A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States;

9. A futures commission merchant registered with the Commodity Futures Trading Commission;

10. A real estate investment trust;

11. An entity registered at all times during the tax year under the Investment Company Act of 1940;

12. A common trust fund operated by a bank under section 584(a);

13. A financial institution;

14. A middleman known in the investment community as a nominee or custodian; or

15. A trust exempt from tax under section 664 or described in section 4947.

The chart below shows types of payments that may be exempt from backup withholding. The chart applies to the exempt recipients listed above, 1 through 15.

| If the payment is for . . . | THEN the payment is exempt for . . . |
| --- | --- |
| Interest and dividend payments | All exempt recipients except for 9 |
| Broker transactions | Exempt recipients 1 through 13. Also, a person registered under the Investment Advisers Act of 1940 who regularly acts as a broker |
| Barter exchange transactions and patronage dividends | Exempt recipients 1 through 5 |
| Payments over $600 required to be reported and direct sales over $5,000 [1] | Generally, exempt recipients 1 through 7 [2] |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation (including gross proceeds paid to an attorney under section 6045(f), even if the attorney is a corporation) and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees; and payments for services paid by a Federal executive agency.

#### PART I. TAXPAYER IDENTIFICATION NUMBER (TIN)

Enter your TIN in the appropriate box. If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see How to get a TIN below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are a single-owner LLC that is disregarded as an entity separate from its owner (see Limited Liability Company (LLC) on page 2), enter your SSN (or EIN, if you have one). If the LLC is a corporation, partnership, etc., enter the entity's EIN.

Note: See the chart on page 4 for further clarification of name and TIN combinations.

How to get a TIN. If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office or get this form on-line at www.ssa.gov/online/ss5.html. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can get Forms W-7 and SS-4 from the IRS by calling 1-800-TAX-FORM (1-800-829-3676) or from the IRS Web Site at www.irs.gov.

If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

Note: Writing "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

Caution: A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.

#### PART II. CERTIFICATION

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if items 1, 3, and 5 below indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). Exempt recipients, see Exempt from backup withholding on page 2.

Signature requirements. Complete the certification as indicated in 1 through 5 below.

1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983. You must give your correct TIN, but you do not have to sign the certification.

2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983. You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

3. Real estate transactions. You must sign the certification. You may cross out item 2 of the certification.

4. Other payments. You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA or Archer MSA contributions or distributions, and pension distributions. You must give your correct TIN, but you do not have to sign the certification.

#### WHAT NAME AND NUMBER TO GIVE THE REQUESTER

| | For this type of account: | Give name and SSN of: |
| --- | --- | --- |
| 1. | Individual | The individual |
| 2. | Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. | Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. | The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. | So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. | Sole proprietorship or single-owner LLC | The owner [3] |

| | For this type of account: | Give name and EIN of: |
| --- | --- | --- |
| 6 | Sole proprietorship or single-owner LLC | The owner [3] |
| 7 | A valid trust, estate, or pension trust | Legal entity [4] |
| 8 | Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 9 | Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 10 | Partnership or multi-member LLC | The partnership |
| 11 | A broker or registered nominee | The broker or nominee |
| 12 | Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name, but you may also enter your business or "DBA" name. You may use either your SSN or EIN (if you have one).

[4] List first and circle the name of the legal trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

Note: If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

#### PRIVACY ACT NOTICE

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons who must file information returns with the IRS to report interest, dividends, and certain other income paid to you, mortgage interest you paid, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA or Archer MSA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. The IRS may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, or to Federal and state agencies to enforce Federal nontax criminal laws and to combat terrorism.

You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 30% of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to a payer. Certain penalties may also apply.

Exhibit C

# Gilardi & Co LLC

3301 Kerner Blvd.
San Rafael, CA 94901
P: (415) 461-0410
F: (415) 461-0412

January 9, 2006

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
«City», «State» «ZIP»

Re: **Aspen Technology, Inc. Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the Settlement Notice, W-9 Instructions and Proof of Claim and Release for the above referenced litigation. Please note the class period described on page one, specifically its inclusion of Common Stock only. In addition, **the Notice provides that the Exclusion Deadline is February 14, 2006, and that the Claim Filing Deadline is April 6, 2006.**

Please pay particular attention to the "Special Notice to Banks, Brokerage Firms, and Other Nominees" on page eight of the Notice. It states that if you choose to do your own mailing, the Court requires that you send us a statement confirming the mailing was done as directed. Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number.

If you provide us names and addresses to conduct the necessary mailing on your behalf, please make every effort to forward the information via email to Matt.Markham@Gilardi.com or via diskette to the above address. We accept Microsoft Access, Microsoft Excel and ASCII text files in the (preferred) format below. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send.

| FIELD NAME | FORMAT | LENGTH | EXAMPLE |
|---|---|---|---|
| FULL NAME1 | ALPHA | 30 | GILARDI & CO., LLC CUST FOR |
| FULL NAME2 | ALPHA | 30 | JIM SMITH |
| FULL NAME3 | ALPHA | 30 | IRA ROLLOVER DATED 10/10/00 |
| FULL NAME4 | ALPHA | 30 | FBO JUDY SMITH |
| FULL ADDR1 | ALPHA | 30 | 1115 MAGNOLIA AVENUE |
| FULL ADDR2 | ALPHA | 30 | PO BOX 5100 |
| CITY | ALPHA | 30 | LARKSPUR |
| STATE | ALPHA | 2 | CA |
| ZIP CODE | ALPHA | 5 | 94939 |
| ZIP CODE PLUS 4 | ALPHA | 4 | 5100 |
| FOREIGN PROVINCE | ALPHA | 30 | ONTARIO |
| FOREIGN COUNTRY | ALPHA | 30 | CANADA |
| FOREIGN ZIP | ALPHA | 10 | M5V 3C5 |

If you have any questions, please call Matt Markham at the phone number listed above.

Sincerely,

*Dennis A. Gilardi*

Dennis A. Gilardi

# EXHIBIT C

Exhibit D

# AFFIDAVIT

**STATE OF TEXAS**          )
                                            ) ss:

**CITY AND COUNTY OF DALLAS)**

I, <u>Cindy Kehoe</u>, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the Notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for national distribution for <u>one</u> insertion(s)   on the following date(s): <u>Friday, January 13, 2006</u>; advertiser: <u>Aspen Technology, Inc.</u>; and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
25th day of January, 2006

Notary Public

EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------ X
In re ASPEN TECHNOLOGY, INC. SECURITIES          Civil Action
LITIGATION                                       No. 04-12375-JLT
------------------------------ X

**SUMMARY NOTICE OF PROPOSED SETTLEMENT
OF CLASS ACTION AND SETTLEMENT HEARING**

TO:   ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF ASPEN
      TECHNOLOGY, INC. ("ASPENTECH") BETWEEN OCTOBER 29, 1999 AND MARCH 15, 2005,
      INCLUSIVE, AND WHO WERE ALLEGEDLY DAMAGED THEREBY (THE "CLASS").

      YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an
Order of the Court, that a settlement for $5,600,000 has been proposed in the above-captioned certified class
action. A hearing will be held before the Honorable Joseph L. Tauro in the John Joseph Moakley United States
Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, at 10:00 a.m., on March 6, 2006 to determine
whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate, and to
consider the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

      IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE
AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not
yet received the full printed Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and
Settlement Fairness Hearing (the "Settlement Notice") and a Proof of Claim form, you may obtain copies of
these documents by contacting the Claims Administrator:

Aspen Technology Securities Litigation
Claims Adminstrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
1-800-447-7657     www.gilardi.com

      Inquiries, other than requests for the forms of Settlement Notice and Proof of Claim, may be made to
Lead Plaintiffs' Lead Counsel:

Samuel H. Rudman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747

      To participate in the Settlement, you must submit a Proof of Claim no later than April 6, 2006. If you are
a Class Member and do not submit a proper Proof of Claim, you will not share in the Settlement but you
nevertheless will be bound by the Order and Final Judgment of the Court. Any objections to the Settlement
must be filed by February 21, 2006.

      Further information may be obtained by contacting the Claims Administrator.

Dated:  December 12, 2005                          BY ORDER OF THE COURT
                                                   UNITED STATES DISTRICT COURT
                                                   DISTRICT OF MASSACHUSETTS